[Crim. No. 3970.    First Dist., Div. Three.    Jan. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID
EUGENE CASTRO, Defendant and Appellant.

Nathan A. Gilbert, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and John S. McInerny, Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J.—Appellant and his roommate, Miss Dunn, were found guilty by a jury of five counts of possession of narcotics. Castro alone appeals from the ensuing judgment. In the early morning of November 28, the two defendants were driving over the San Francisco-Oakland Bay Bridge, moving to a new home and carrying their personal effects in the car. They were stopped by highway patrolmen for speeding and erratic driving. On the floor of the car, near the right front seat, was a metal wastebasket. In it was a paper bag containing a number of capsules of various narcotics, and a metal box containing another narcotic. Appellant admitted ownership of the wastebasket and the metal box, but denied possession of the narcotics and knowledge of their presence. Fresh needle marks were found in the arms of both defendants.

From the above brief summary, it is apparent that there is no merit in appellant's assertion that the evidence is insufficient to support the verdict. It is true that one Hammer testified that he had secreted the bag of narcotics in the wastebasket in appellant's home two days before appellant's arrest. But he also admitted that he had told nobody of this occurrence until he (Hammer) had been convicted and sentenced

for other felonies. Appellant also testified that he had taken a prescribed nonnarcotic drug by injection, thus inferentially explaining the needle marks in his arm. But the jury was not required to believe either assertion, and the inference of knowing possession clearly was warranted.

Before opening of the trial, and out of the presence of the jury, appellant's counsel stated that the car in which defendants were arrested was stolen, and that he would object to any reference to that fact before the jury. In his opening statement, the prosecutor said that the car and its license plates were stolen. Appellant objected. The court pointed out that defendants were not charged with car theft. The prosecutor asked his first witness, a police officer, for the result of a registration check on the automobile. Appellant's objection was sustained. Motion for mistrial was denied. Another officer was asked whether he had any conversation with defendant Dunn about the automobile. Objection was sustained and a partial answer stricken. There was no further reference to ownership of the automobile. Appellant claims that these circumstances constitute reversible error. We do not agree.

No evidence that the car was stolen was admitted. The court fully instructed the jury that it was not to consider as evidence testimony offered but rejected, evidence admitted and stricken, nor statements of counsel. Nor can we find misconduct by the prosecutor. He did not act in bad faith, but in the view that defendant's inconsistent statements as to ownership of the car would show guilty knowledge of the presence of narcotics. This view seems to us wholly mistaken, since the only guilty knowledge which would thus be shown would have to do with the car, rather than narcotics. However, we note that the prosecutor nowhere suggested that either defendant had stolen the car, no admonition to the jury was requested by appellant, and the entire matter was dropped after the brief incidents described. We find no error. If it existed, it would be difficult to find it prejudicial in view of the record as a whole.

Appellant also asserts error in the admission, in his cross-examination and over objection, of evidence of his prior conviction of possession of marijuana, a misdemeanor. Respondent correctly concedes that a misdemeanor conviction is not admissible as impeachment, but contends that the evidence was proper to meet the state's burden (*People v. Winston,* 46 Cal.2d 151 [293 P.2d 40]) of showing knowl-

edge of the narcotic character of the substances (demerol, dolophine, codeine, percodan and percobarb) in appellant's possession. ▇▇▇ Conviction of misdemeanor charges may be shown for this purpose (*People* v. *Gonzales*, 186 Cal.App.2d 79 [8 Cal.Rptr. 704]). However, there is grave possibility of misuse of this exception. We find it difficult in the extreme to conclude that prior possession of marijuana shows knowledge of the narcotic character of drugs so different in composition, appearance, and manner of use as those here involved (see *People* v. *Perez*, 128 Cal.App.2d 750, 756 [276 P.2d 72]). We are unable, however, to conclude that the erroneous proof of the misdemeanor conviction was prejudicial. A prior felony conviction of possession of marijuana was proven and was relevant because it also showed a contemporary attempt to dispose of hypodermic equipment. Only an untenable objection, not now urged, was made by appellant. This felony conviction was also shown, with several convictions of dissimilar felonies, on cross-examination and clearly was proper impeachment. Thus defendant was not prejudiced by the additional showing of the separate misdemeanor conviction for possession of the like substance.

The remaining contentions of appellant are without merit. Judgment and order denying new trial affirmed.

Salsman, J., and Devine, J., concurred.