[Crim. No. 3980.   First Dist., Div. Two.   Nov. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES GRIFFIN, Defendant and Appellant.

Jerome C. Utz, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment rendered on a jury verdict finding the appellant, Charles Griffin, guilty of three counts of selling marijuana, in violation of section 11531 of the Health and Safety Code. The jury also found that in February 1960, the appellant had been convicted of a felony, violation of section 11531 of the Health and Safety Code.

The chief contentions on appeal concern the finding that the appellant's prior narcotic conviction was a felony instead of a misdemeanor, as well as various other alleged prejudicial errors arising therefrom during the trial. The remaining contentions relate to errors in the instructions, the admission of certain evidence, the alleged misconduct of the prosecution, and incompetence of counsel.

As on this appeal no contentions are raised concerning the sufficiency of the evidence, a brief summary of the facts will suffice. Officer Horace Lawrence, an undercover agent of the Narcotics Detail of the San Francisco Police Department, testified that on October 18, 1960, and October 20, 1960, he met the appellant in a pool hall at Fillmore and Post Streets, and negotiated for the sale of marijuana. On both occasions, the sale was consummated in Lawrence's car; on the first occasion in the presence of Sam Scott, on the second, with the assistance of the codefendant, Albert Davis. Lawrence further testified

that when he stopped at a gas station at Webster and Fillmore on December 4, 1960, the appellant approached him and sold him a marijuana cigarette for $1.00 in order to obtain money for a dance; that the appellant had agreed to deliver a large quantity of marijuana to Lawrence at 8 p. m. on January 18, 1961, but appellant was arrested before the sale could be completed.

Appellant took the stand to testify on his own behalf, stating that the October 18 sale was made by Scott and "Smiley" White, whom he introduced to Lawrence on that date. Appellant admitted his participation in the October 20 transaction involving Davis. He denied giving Lawrence a marijuana cigarette on December 4, but admitted meeting Lawrence on that date and receiving $1.00 as a gift. Appellant also admitted having two cans of marijuana in his possession on January 18, 1961, but stated that the marijuana discovered in the police car after his arrest was not his because he had concealed his two cans of marijuana in his underclothing and had smuggled them into the city prison where he and the other prisoners smoked it.

The first contention on appeal is that the verdict and judgment are erroneous as appellant's February 1960 conviction in San Francisco Superior Court case No. 56466 was a *misdemeanor* and not a felony as indicated in the indictment, verdict and judgment. A duly certified copy of the commitment in that proceeding indicates that the appellant entered a plea of guilty to violating section 11531 of the Health and Safety Code and was sentenced to nine months in the county jail. At the time of the February 1960 offense, a violation of section 11531 was punishable by imprisonment either in the county jail or in the state prison. Section 17 of the Penal Code provides, in part: "When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." Thus, there is no question that the appellant's February 1960 conviction for violation of section 11531 was a misdemeanor and the court erred in its judgment. Appellant, of course, argues that as a result of this error, the judgment of conviction must also be reversed. We cannot agree. The verdict finding the allegation of a prior conviction to be true is severable from the verdict of guilty (*People* v. *Morton,* 41 Cal.2d 536, 541 [261 P.2d 523]). The error here

was not one which resulted in a miscarriage of justice (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]).

Appellant argues that the trial court erred in admitting the evidence of his prior misdemeanor conviction and that the admission obviously prejudiced the jury, as indicated by their verdict finding him guilty of a prior narcotics felony. The record, however, indicates that by denying the allegation of the prior conviction, appellant placed the matter in issue. To prove the allegation, the People introduced a certified copy of an indictment and commitment of one Charles Griffin, as well as two fingerprint cards. These records established that the defendant in case No. 56466 pleaded guilty to a violation of section 11531 of the Health and Safety Code and on February 8, 1960, was sentenced to nine months in the county jail. By comparing the fingerprint records, an assistant police inspector testified that the defendant in that case and the appellant were the same person.

For the purpose of proving the allegation of a prior narcotics conviction, it is not significant whether the prior conviction is a misdemeanor or felony (*People* v. *Tahtinen,* 50 Cal.2d 127, 135 [323 P.2d 442] ; *People* v. *Burke,* 47 Cal.2d 45, 50 [301 P.2d 241]). The evidence was properly admitted here to connect the appellant with the denied prior conviction (*People* v. *Richardson,* 74 Cal.App.2d 528, 537 [169 P.2d 44]), and to prove a material issue (*People* v. *Westek,* 31 Cal.2d 469 [190 P.2d 9] ; *People* v. *Ernst,* 121 Cal.App.2d 287 [263 P.2d 114]).

Appellant further argues that on cross-examination, the jury was led to believe that the prior conviction was for a narcotics felony, and that this was prejudicial error. The record does not reveal that during the cross-examination of the appellant, the jury was led to believe that the prior conviction was for a narcotics felony.

As on direct examination, the appellant testified on cross-examination that Scott said to Lawrence that the appellant had been "in San Bruno for a hot sale," therefore, the evidence relating to the prior misdemeanor conviction was a proper subject for cross-examination (Pen. Code, § 1323; Code Civ. Proc., §§ 2045, 2048).

The next question is whether the erroneous reference to the prior conviction as one for the sale of heroin, a felony, was prejudicial by influencing the jury to regard the appellant as a felon. There would be some merit in this contention, except for the following which ensued almost immediately

after the cross-examination hereinbefore mentioned: "Q. You had been convicted of a felony, haven't you? A. I certainly have. Q. That was robbery? A. Robbery. Q. You went to the State Prison? A. That's right." This is the only portion of the entire record where the term "felony" was used. Thus, the prejudice, if any, must arise out of the implications the jury could draw from the erroneous reference to heroin in relation to the prior conviction. Any prejudice stemming from the previous erroneous implied reference to the appellant's misdemeanor narcotics conviction as a felony conviction was dispelled by the appellant's own admission of another felony, the robbery, for which he served time in the state prison. Nor do we think that under the circumstances of this case, the jury, despite their verdict, was more prejudiced by the implied reference to a prior narcotics felony than by the appellant's admission of a robbery. The appellant throughout his testimony freely admitted his participation in the various transactions and the possession of narcotics on January 18 and thereafter, even while in custody. In view of appellant's own testimony, we cannot say that the jury's erroneous belief that the appellant's prior conviction was for a narcotics felony unduly influenced them to find him guilty of the offense charged, as well as of the prior offense.

Appellant also contends that the reference to the prior narcotics conviction was improper impeachment, as a misdemeanor conviction is not admissible as impeachment. However, in the very case relied upon by the appellant, *People v. Castro,* 199 Cal.App.2d 159 [18 Cal.Rptr. 678], this court (Division Three) said that conviction of a misdemeanor may be shown for the purpose of the knowledge of the narcotic character of the substances sold (*People v. Gonzales,* 186 Cal. App.2d 79 [8 Cal.Rptr. 704]). The appellant's knowledge was in issue here, as Lawrence testified that on January 18, after making arrangements for the 8 p. m. delivery, the appellant gave him a marijuana cigarette saying: "In the meantime, you can get high." The appellant denied this incident.

Appellant further argues that the court erroneously instructed the jury that a witness could be impeached by proof of a prior conviction of a felony (Code Civ. Proc., § 2051). However, the instruction was proper as the appellant himself admitted that he had been convicted of robbery and spent time in the state prison.

Appellant also argues that the court, on its own motion, should have instructed the jury on the limited effect

of the prior misdemeanor conviction. The record indicates that the court never used the term "felony" in relation to the prior conviction. In the absence of a request, the trial court was not required to give the instruction on its own motion (*People* v. *Turner,* 185 Cal.App.2d 513-517 [8 Cal. Rptr. 285]).

Appellant next contends that as he admitted furnishing marijuana to Lawrence on October 18 and October 20, the court erred in failing, on its own motion, to instruct the jury that the defense of entrapment was available to him. This argument is based solely on appellant's testimony that on both October 18 and October 20, Lawrence indicated that his wife was sick and needed the marijuana in order to work and that he felt indebted to Lawrence. We do not think that the above facts sufficiently indicate that an entrapment instruction would have been appropriate, even if properly requested (*People* v. *Rivers,* 188 Cal.App.2d 189 [10 Cal.Rptr. 309]).

The record indicates that the defense was not raised in the trial court and, therefore, cannot be raised on appeal (*People* v. *Branch,* 119 Cal.App.2d 490 [260 P.2d 27]).

Appellant next contends that the trial court erroneously admitted evidence of his conduct, both before and after the period of time covering the indictment, and that these admissions prejudiced the jury. We have sufficiently discussed the matter of the prior conviction above. As to the evidence concerning January 18, the evidence indicating that the appellant had negotiated a sale to Lawrence on that date was properly admitted to show guilty knowledge and a common plan. Likewise, as no request for a limiting instruction was made, the court was not required to give one on its own motion (*People* v. *Johnson,* 153 Cal.App.2d 564, 569 [314 P.2d 751]).

Appellant next argues that the trial court erred in denying his motion for probation, because the denial was based on the trial court's erroneous belief that he had been convicted of a prior narcotics felony. However, section 11715.6 of the Health and Safety Code provided, so far as relevant: "In no case shall any person convicted of violating Sections . . . 11531 . . . be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court, if such person has been previously convicted of *any offense* described in this division. . . ." [Emphasis supplied.]

Before the 1961 amendment, the Legislature saw fit to deny

probation to persons previously convicted of *any narcotics offenses,* not merely felonies. Thus, the trial court would have been guilty of an abuse of discretion if it had granted the motion for probation.

Finally, appellant contends that he suffered prejudice because of the misconduct of the district attorney, the incompetence of his counsel, and because the court failed to appoint separate counsel for him. As to the first argument, the record does not support appellant's assertion that the district attorney, throughout the trial, referred to his prior narcotics conviction as a felony. The record also indicates that at the time of the plea, appellant and the codefendant, Davis, were both represented by the public defender. Davis entered a plea of guilty prior to trial. Thus, at the trial, the appellant was represented by the public defender. As to the alleged incompetence of his counsel, appellant has not sustained the burden of proving his charges of denial of a constitutional right (*People* v. *Crooker,* 47 Cal.2d 348 [303 P.2d 753] ). It was up to his counsel to use his best judgment as to how to conduct the defense under the circumstances (*People* v. *Jones,* 177 Cal.App.2d 420 [2 Cal.Rptr. 305] ).

We conclude that the judgment of conviction should be affirmed and the judgment finding the appellant guilty of a prior felony conviction reversed.

Judgment of conviction is hereby affirmed and the judgment finding the appellant guilty of a prior felony is reversed with directions to the trial court to modify the judgment to show that the appellant's February 1960 conviction for violation of section 11531 of the Health and Safety Code was a misdemeanor.

Shoemaker, J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 23, 1963.