[Crim. No. 8752. In Bank. Dec. 23, 1965.]

In re CHARLES E. GRIFFIN on Habeas Corpus.

Charles E. Griffin, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Derald E. Granberg and Edward P. O'Brien, Deputy Attorneys General, for Respondents.

PETERS, J.— ▮ In this petition for habeas corpus,

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

petitioner seeks to raise the same problem involved in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948], this day decided. That problem is, where, prior to finality of a judgment of conviction, the statute under which petitioner was charged and convicted is amended so as to decrease the punishment, is the petitioner entitled to the benefits of the amendatory statute? *Estrada, supra,* holds that he is. If that were the only point involved in the instant case, *Estrada, supra,* would be controlling. But it is not the only point involved. Here, the amendatory statute only in a limited sense ameliorated the punishment. In a very real and practical sense it increased the penalty. Since the amendment, considered as a whole, increased the penalty it cannot be applied to petitioner without violating the constitutional inhibition against ex post facto legislation. (U.S. Const., art. I, § 9, cl. 3.)

The facts are not in dispute. Defendant was charged and convicted on three counts of sales of marijuana in violation of section 11531 of the Health and Safety Code. He was also charged and convicted of a prior felony conviction under the same section.

On May 2, 1961, he was sentenced to 10 years to life. That was a proper sentence under the section as it then read.[1]

On appeal, the District Court of Appeal affirmed the conviction on the three counts of sale, but ordered the judgment modified as to the prior by determining that such prior was a misdemeanor and not a felony. (*People* v. *Griffin,* 209 Cal. App.2d 557 [26 Cal.Rptr. 311].) This decision was rendered November 15, 1962. The trial court, pursuant to this decision, corrected the judgment to show that the prior was a misdemeanor, but made no change in the sentence of 10 years to life, because as the statute read when the act was committed, the conviction under section 11531 plus the conviction of a prior of "any offense" constituting a violation of that division of the code required the 10-year to life sentence. The words "any offense" obviously included either a prior misdemeanor or a prior felony of the type described.

Effective as of September 15, 1961, section 11531 of the Health and Safety Code was amended to change the punishment and parole provisions. As amended, the section changed

---

[1]Section 11531 then provided, in part, that "If such a person has been previously convicted of any offense described in this division . . . he shall be imprisoned in a state prison from 10 years to life."

the mandatory sentence for a conviction with a prior. As amended the section provides that for the described conviction of a prior constituting "any felony offense" the sentence should be "from five years to life."[2]

This amendment applied whether the prior was a misdemeanor or felony, because, although the amended section uses the words "any felony offense," section 11504 of the Health and Safety Code was added in 1961, contemporaneously with the amendment to section 11531, to provide: "As used in this article 'felony offense' and offense 'punishable as a felony' refer to an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, regardless of the sentence the particular defendant received." The prior here involved was a "felony offense" as thus defined even though the actual imprisonment was in the county jail.

The District Court of Appeal when it wrote the decision in *People* v. *Griffin, supra,* 209 Cal.App.2d 557, in November of 1962, did not discuss the question as to whether the law at the time the act was committed or the law at the time of appeal should control, but simply applied the statute as it read at the time the act was committed.

Thus, at the time the act was committed, the code provided a sentence of 10 years to life. Before that judgment became final, the section was amended to provide that for the offense involved the sentence was five years to life. Under the rule announced in the *Estrada* case, *supra,* the sentence imposed for this offense, so far as this point is concerned, should have been five years to life. But this is not the only point involved.

When the Legislature amended section 11531, and added section 11504 in 1961, it not only changed the sentencing provisions applicable to convictions for the crime here involved but it also changed the parole provisions. It did this in such a way that, whereas under the law as it existed in May of 1961, when defendant was sentenced, no specific time for eligibility for parole was provided, so that he was eligible for parole under the general law, and the Adult Authority has determined that he is eligible for parole after serving

---

[2]The section went on to provide for a sentence of 10 years to life for conviction of two priors as described in the section. That portion of the amendment is not here relevant.

three years and four months of his 10-year term,[3] under the new section, as amended in 1961, he is not eligible for parole until he has served a minimum of five years.[4]

Thus, the statute, as amended before the conviction became final, decreased the minimum term of imprisonment from 10 years to life to five years to life. But the same statute also provided a fixed minimum for parole which was in excess of the minimum under the former statute. Under the old statute, providing for no fixed minimum of parole, the Adult Authority has fixed three years and four months as the time petitioner must serve before he is eligible for parole. Under this provision petitioner has accepted parole and recently been released, and is now on parole. If the amendatory statute be held applicable to him, the Department of Corrections will have no election. It must take petitioner back into actual custody and keep him in prison for five years from the date of his imprisonment. Thus, if the amendatory statute is held applicable to petitioner, he will have to serve an additional 20 months in physical custody beyond the time the Adult Authority has already fixed under the old statute.

Does such a statute increase or decrease the punishment? Does it mitigate the rigors of the old law? Whatever the technical nature of a parole may be, from a realistic point of view it is our opinion that such a statute increases the punishment rather than decreases it. It follows, that to apply it to petitioner, would be unconstitutional. It is elementary, of course, that a statute amended after an act is committed so as to increase the punishment cannot be made applicable to an accused, because to do so would run afoul of the prohibition against ex post facto laws. (See cases collected 11 Am.Jur. p. 1176 et seq., § 348 et seq.)

Petitioner, although informed by his court-appointed counsel of the impact upon him if the amendatory law were made applicable to him, requested that his counsel be relieved

---

[3]Under section 3049 of the Penal Code petitioner was eligible for parole after serving one third of his minimum term. One third of 10 years is three years and four months, so that the Adult Authority fixed petitioner's parole date at the earliest possible date they were permitted to do so by law.

[4]Section 11531, as amended in 1961, provides that for a first violation of the section the minimum prison sentence required to be served before the defendant is eligible for parole shall be three years, but with a prior conviction of a ''felony offense'' the defendant ''shall not be eligible for release . . . on parole, or on any other basis until he has served not less than five years in prison.''

(which was done), and has insisted that his original application be passed upon. Thus, while accepting the benefits of the old law by accepting parole under it, petitioner also insists he is entitled to the benefits of the amendatory act without its detriments. This cannot be. This court must determine whether the amendatory statute increased or decreased the penalty. As applied to petitioner, we hold that when considered realistically and as a whole, the amendatory statute increased the punishment, and so cannot be made applicable to petitioner.

The order to show cause is discharged, and the petition for the writ denied.

Traynor, C. J., Tobriner, J., and Peek, J., concurred.

BURKE, J. — For the reasons stated in the dissenting opinion in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948], I concur in the order in the within case.

McComb, J., and Schauer, J.,* concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.