[Civ. No. 47966. First Dist., Div. One. Feb. 4, 1981.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CRUZ COUNTY,
Respondent;
NORMAN J. DILLON, Real Party in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Herbert F. Wilkinson, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Ronald W. Rose for Real Party in Interest.

## OPINION

**ELKINGTON, Acting P. J.**—Following filing of our earlier opinion in this mandate proceeding, the Supreme Court granted a hearing on Dillon's petition. Thereafter, October 20, 1980, that court decided *In re Jeanice D.* (1980) 28 Cal.3d 210 [168 Cal.Rptr. 455, 617 P.2d 1087], after which it ordered that the above entitled cause "is retransferred to the Court of Appeal, First District, Division One, with directions to re-file its prior opinion with appropriate reference to *In re Jeanice D.* (1980) 28 Cal.3d 210"* [168 Cal.Rptr. 455, 617 P.2d 1087].

With such appropriate modification we restate, and refile, our earlier opinion and judgment.

These proceedings in mandate concern Penal Code section 190, as reenacted by the state's electors through the initiative process, November 7, 1978, by adoption of the so-called "Proposition 7, Murder, Penalty, Initiative Statute." The issue is whether the newly enacted statute had the effect, *retroactively*, of permitting commitment to the California Youth Authority of a person, convicted in the superior court of first degree murder without a finding of special circumstances, who was less than 21 years of age at the time of his apprehension for that offense.

*Prior to November 7, 1978*, Penal Code section 190—absent a finding of special circumstances calling for a penalty of death or life imprisonment without possibility of parole—fixed the penalty for first degree murder at "confinement in state prison for life." *At that time* by virtue of Penal Code section 3046 one so sentenced (without a finding of special circumstances) became eligible for parole consideration after serving *seven years.* And a person so sentenced to a state prison for life, whose offense and apprehension therefor occurred while he was less than 21 years of age, could *not*, by virtue of Welfare and Institutions Code section 1731.5, *q.v.*, be committed to the California Youth Authority. (Where a sentence of *less* than life imprisonment might be

---

*Pending in this division of our court is a closely related *appeal, People v. Norman J. Dillon* (1 Crim. No. 20281), which may or may not render the within issue moot. However, where as here, "'the problem presented and the principle involved are of great public interest, the courts have deemed it appropriate to entertain the proceedings rather than to dismiss the same as being moot.'" (*Ballard* v. *Anderson* (1971) 4 Cal.3d 873, 877 [95 Cal.Rptr. 1, 484 P.2d 1345, 42 A.L.R.3d 1392].)

imposed, such a juvenile was alternatively qualified for commitment to the California Youth Authority under § 1731.5.)

On *November 7, 1978*, and as noted, Penal Code section 190 was repealed, and a similarly numbered section was added to that code by the people of the state under the initiative process. The newly added section enlarged upon the area wherein a finding of special circumstances required that the accused suffer death or confinement in a state prison for life without possibility of parole. Where such special circumstances were not found, the penalty was determined to be "confinement in the state prison for a term of *25 years to life*." (Italics added.) Such a penalty is, as a matter of law, for a term less than life imprisonment and one so sentenced is by Penal Code sections 2930-2932 eligible for parole consideration upon service of two-thirds of the minimum term, or *16 years, 8 months*, assuming no denial of prison good-time credit under those sections during that time.

■ At a time when the now repealed Penal Code section 190 was in effect, real party in interest Norman J. Dillon committed a felonious homicide in the perpetration of attempted robbery, and was apprehended therefor while under the age of 21 years. Before his trial the present Penal Code section 190 became effective. A jury thereafter found him guilty, without a finding of special circumstances, of first degree murder.

In the ensuing sentencing proceedings the superior court determined that Dillon would properly have been sentenced to state prison under the old Penal Code section 190 since the harsher newly enacted law would operate ex post facto as to him. However, it concluded that he was nevertheless qualified for commitment to the California Youth Authority by operation of Welfare and Institutions Code section 1731.5 by reason of the present Penal Code section 190's authorized term of *less* than life imprisonment, i.e., "25 years to life."

Over the People's objection Dillon was committed to the California Youth Authority by the superior court. Execution of the commitment was stayed pending the People's application to this court for an appropriate extraordinary writ.

We granted an alternative writ of mandate for the purpose of determining the validity of Dillon's California Youth Authority commitment.

As concluded by the trial court, a statute increasing the time to be served in prison before one is eligible for parole consideration, operates ex post facto as to one whose crime was committed prior to the statute's enactment. The controlling authority here is *In re Griffin* (1965) 63 Cal.2d 757 [48 Cal.Rptr. 183, 408 P.2d 959]. There, as in the case before us, after commission of the accused's crime the relevant statute was amended to prescribe a *shorter* prison term, but a *longer* time in prison before his eligibility for parole consideration. The *Griffin* court stated (pp. 760-761):

"Does such a statute increase or decrease the punishment? Does it mitigate the rigors of the old law? Whatever the technical nature of a parole may be, from a realistic point of view it is our opinion that such a statute increases the punishment rather than decreases it. It follows, that to apply it to petitioner, would be unconstitutional. It is elementary, of course, that a statute amended after an act is committed so as to increase the punishment cannot be made applicable to an accused, because to do so would run afoul of the prohibition against ex post facto laws.... [¶] ... [W]hile accepting the benefits of the old law by accepting parole under it, petitioner also insists he is entitled to the benefits of the amendatory act without its detriments. This cannot be. This court must determine whether the amendatory statute increased or decreased the penalty. As applied to petitioner, we hold that when considered realistically and as a whole, the amendatory statute increased the punishment, and so cannot be made applicable to petitioner."

By a parity of reasoning, we hold that Penal Code section 190, enacted as an initiative measure in 1978, considered realistically and as a whole, *increased* the penalty for first degree murder where special circumstances are not found.

Dillon is *unaided* by *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], decided contemporaneously with *Griffin*. In *Estrada* a criminal statute was amended, after Estrada's crime and before his judgment of conviction became final, by *shortening* both the prison term therefor *and* the time within which he was eligible for parole consideration. In such a case, the court held (p. 744), in the absence of clear legislative intent to the contrary, Estrada was "entitled to the ameliorating benefits of the statutes as amended ...." *In re Jeanice D., supra,* 28 Cal.3d 210, found Penal Code section 190, as reenacted by the 1978 initiative measure, to extend no "ameliorative benefits" to persons situated as was Dillon. Instead the court there stat-

ed (p. 219): "[I]n interpreting the new provisions of Penal Code section 190 as creating indeterminate 15 and 25 years to life sentences, we do not contravene the initiative's purpose of increasing the punishment for first and second degree murder."

The superior court erred in committing Dillon to the California Youth Authority and the People are entitled to the relief they seek.

The peremptory writ of mandate will issue.

Newsom, J., and Grodin, J., concurred.