[Crim. No. 248. Department Two.—September 22, 1897.]

THE PEOPLE, Respondent, v. GEORGE PATRICH, Appellant.

CRIMINAL LAW—SUSPENSION OF SENTENCE—DIRECTION FOR· DEPORTATION.—
After a verdict convicting a defendant of a felony has been
rendered, an order, made at his request, by its terms directing a
suspension of judgment 'and allowing him to ship upon a United
States deep water vessel, and requiring the sheriff to make a due
return thereof to the court, is, in legal effect, a mere order that
sentence be suspended until further order of the court; and the
court has jurisdiction, several years thereafter, to set aside such
order, and sentence the defendant to imprisonment.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco. E. A. Belcher, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

McFARLAND, J.—The defendant was charged with burglary,
was convicted of burglary in the second degree, and was sentenced to suffer imprisonment of five years in state prison. He
appealed from the judgment upon the judgment-roll alone.

On June 22, 1892, after the verdict of guilty had been rendered, the court entered the following order: "In this cause the
defendant having been heretofore convicted of the crime of burglary, and this being the day set for sentence, therefore, upon
motion of counsel for defendant, and the district attorney consenting thereto, it is hereby ordered that sentence in this cause
be and the same is hereby suspended, and the defendant herein
is hereby allowed to ship upon the United States ship 'Independence,' a deep water vessel, and it is hereby ordered that the
sheriff of the city and county of San Francisco be and is ordered
to make a due return to this court." On June 29, 1893, the
sheriff solemnly made a return—as though he had been executing a judgment—as follows: "I hereby certify that I delivered
the prisoner, George Patrick, on board the receiving ship 'Independence,' at Mare Island. He passed a satisfactory examina-

tion and shipped as landsman under his true name, Gus O'Doule. I remained on board until he donned his uniform of a sailor in United States navy." Nothing further concerning appellant appears until April 13, 1896, when a bench warrant was issued for his arrest. Afterward the order of "suspension of judgment" was set aside, and on April 25, 1896, the appellant came into court, was duly informed of the prior proceedings in the case, and judgment was entered against him of imprisonment as hereinabove stated.

Appellant's counsel contends "that the order of deportation having been complied with, that the court lost jurisdiction to impose the said sentence of imprisonment," and that "as the defendant had complied with the order of the court made in 1893, the court lost jurisdiction to vacate the order of suspension in 1896, and order the defendant to prison." But there was no order of deportation; the court could not have made any such order, and the part of the record above quoted of the date of June 22, 1893, does not purport to be an order of deportation. What is said there about allowing the appellant to ship upon the United States ship "Independence," and the return of the sheriff that he had so shipped, is of no legal value or consequence whatever. In substance it is a mere order that sentence be suspended until the further order of the court; and said order having been made "upon motion" of the defendant, he cannot be heard to complain of it.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.