[Crim. No. 2025.   Third Dist.   Oct. 22, 1947.]

In re CHARLES W. MARTIN, on Habeas Corpus.

John J. Wells and Patrick J. McCarthy for Petitioner.

Fred N. Howser, Attorney General, Doris H. Maier and Leonard M. Friedman, Deputy Attorneys General, for Respondent.

THOMPSON, J.—Upon habeas corpus it appears that petitioner was charged by an amended information filed in Madera County, November 14, 1946, with the crime of driving a vehicle while under the influence of intoxicating liquor, contrary to section 501 of the Vehicle Code, and three prior convictions of felonies. He pleaded guilty of the principal offense and admitted the prior felonies. Probation was granted and the defendant signed a written consent to the terms thereof. Probation was erroneously granted for the reason that section 1203 of the Penal Code precludes the granting of probation when the defendant has been previously convicted of any felony. The petitioner admitted a prior conviction of the crime of receiving stolen goods. Sentence was suspended November 16, 1946, and the court ordered that petitioner be granted probation for a period of two years on condition that he pay a fine of $500 and serve 30 days' imprisonment in the county jail, and refrain from the use of intoxicating liquor and narcotics. The fine was paid. On petition of the probation officer, after hearing at which the defendant was present and testified in his own behalf, he was found guilty of violating the terms of his probation, and the court, on January 4, 1947, thereupon revoked his probation and sentenced him to state prison "for the term prescribed by law." Pursuant to that sentence he was committed to San Quentin State Prison.

The petition for habeas corpus was filed in this court July 7, 1947. The petitioner contends that the order for probation

was invalid under section 1203 of the Penal Code, and that, since he paid the $500 fine and served 30 days' imprisonment in the county jail, he is entitled to be released from custody; that the judgment that he pay a fine of $500 and serve 30 days' imprisonment in the county jail has been fulfilled, and the court was without jurisdiction to thereafter sentence him to imprisonment in state prison.

■ The petitioner was ineligible to probation since it appeared that he had been previously convicted of the crime of "receiving stolen goods." (Pen. Code, § 1203; *People* v. *Superior Court,* 136 Cal.App. 541 [28 P.2d 1076]; *People* v. *Leach,* 22 Cal.App.2d 525 [71 P.2d 594].)

■ The invalidity of the order for probation did not render the subsequent sentence void for lack of jurisdiction under section 1191 of the Penal Code or otherwise. The court was authorized to revoke the probation for violation of its terms or because probation was unauthorized, and to thereafter sentence the prisoner to state prison for the crimes of which he had been convicted. (*People* v. *Patrich,* 118 Cal. 332 [50 P. 425]; *People* v. *Williams,* 24 Cal.2d 848, 850 [151 P.2d 244]; *In re Goetz,* 46 Cal.App.2d 848, 851 [117 P.2d 47]; *People* v. *Rubens,* 11 Cal.App.2d 576, 587 [54 P.2d 98, 1107]; *People* v. *Haines,* 64 Cal.App. 628 [222 P. 183]; *People* v. *Zuvela,* 191 Cal. 223 [215 P. 907]; note, 141 A.L.R. 1225; 8 Cal.Jur. 451, § 470; 4 Cal.Jur. 10-Yr.Supp. [1943 Rev.] 872, § 474.) In the present case there was no motion for new trial or appeal from the judgment. The time for sentence was suspended when probation was granted. Sentence was finally pronounced before the probationary period had expired. The defendant consented to the terms of probation, and violated a provision thereof. Regarding the jurisdiction of the court to pronounce a valid sentence under circumstances similar to this case, after five days from the "plea or verdict of guilty," the Supreme Court said, in *People* v. *Williams, supra,* that,

"The amended portion of the section [1203 Penal Code] extending the time for pronouncement of judgment and sentence until any probationary proceeding under section 1203 has been disposed of is procedural in nature, is not *ex post facto,* and did not deprive defendant of a vested right. [Citing authorities.] A probationary proceeding is not disposed of within the meaning of section 1191 *until the defendant has satisfied the conditions of his probation and received his discharge or has had his probation revoked and sentence pronounced against him.*

"Although section 1191 provides that the judgment must be pronounced within a designated period, it has been consistently held that *failure to pronounce judgment within the time specified is not jurisdictional.* [Citing numerous authorities.]" (Italics added.)

Applying the preceding quoted language to the present case, it follows that the probationary proceeding was not finally disposed of until probation was revoked for defendant's violation of its terms or because it was determined to be invalid. He was sentenced to state prison on the same day his probation was rescinded. ■ The defendant may not apply for, consent to and take advantage of favorable terms of probation, even though he was not lawfully entitled thereto, and then, after probation has been duly revoked for violation thereof, challenge, for the first time, on habeas corpus, the right of the court to pronounce sentence, since the time was extended at his request. That would result in a travesty of justice.

In the Patrich case, *supra,* the defendant was convicted of burglary. Sentence was suspended, and it was ordered that he be "allowed to ship upon . . . a deep water vessel." He enlisted as a United States sailor. He consented to the terms of probation. Three years later he was apprehended for violation of his probation. The order suspending judgment was set aside, and he was then sentenced to imprisonment in the state prison. It was contended on appeal that the order amounted to illegal deportation, and that the court was without jurisdiction to sentence the defendant. The Supreme Court held otherwise. The court said:

"In substance it is a mere order that sentence be suspended until the further order of the court; and said order having been made 'upon motion' of the defendant, he cannot be heard to complain of it."

In an elaborate note found in 141 Annotated Law Reports at page 1225, supported by numerous authorities from various jurisdictions, including that of California, it is said in the caption:

"Assuming that a particular suspension of the imposition or execution of a sentence *is not authorized,* the suspension may be revoked or disregarded and the sentence may be imposed or enforced." (Italics added.)

On the following page of the last mentioned authority, it is likewise said in that regard:

"Where the court, instead of pronouncing sentence upon the defendant in a criminal case, has suspended the pronouncement thereof *without authority*, it is held in some jurisdictions that the court may thereafter revoke the unauthorized order and impose sentence." (Italics added.)

The foregoing text is supported by the case of *People* v. *Patrick, supra,* and many authorities from other jurisdictions.

We conclude that the court did not lose jurisdiction in the present case to rescind the order for probation, although it may have been unauthorized and void, or to lawfully sentence the defendant to state prison for the offenses of which he had been convicted. The judgment is valid.

█ The petitioner, however, contends that, while the order granting probation was contrary to section 1203 of the Penal Code, and therefore void, it contains a valid, severable judgment that he pay a fine of $500, as penalty for the crime to which he pleaded guilty, and that he be confined in the county jail "the first thirty days" of his probational period of two years, with which last mentioned provisions he complied by paying the designated fine and serving the 30 days of imprisonment in the county jail. He claims that he thereby fulfilled the penalty for the crime prescribed by the court; that the court was therefore without jurisdiction to resentence him to imprisonment in state prison.

In support of the last mentioned contention the petitioner cites and relies upon *In re Scarborough,* 76 Cal.App.2d 648 [173 P.2d 825]. That case is not in point. Probation was wrongfully revoked in that case on the sole ground that the defendant violated the unlawful condition of probation requiring him to immediately depart from "Stockton and San Joaquin County and remain away for a period of two years." That petitioner was not discharged from custody. We merely held that the court had no authority to banish a prisoner and that since no other valid term of probation had been violated, his probation was wrongfully revoked and that "he is entitled to his freedom *on probation* unless [or until] it is revoked for lawful reasons." In the present case, probation was properly revoked for violation of valid terms and conditions contained therein, as follows:

"4. That you do not violate knowingly any law of this State or any ordinance of any county or city of this state.

"5. That you absolutely abstain from the use of intoxicating liquors, opium in any form, cocaine or other noxious drugs."

The petitioner was never sentenced to pay a fine of $500 *as a penalty for the crimes of which he had been convicted.* He was merely permitted to pay that fine as one of the conditions of his probation. The fine was incident to the order of probation, and not otherwise. Even though the defendant was not eligible to probation, and that the order was invalid for that reason, it certainly may not be held that payment of the fine was in fulfillment of his sentence, and that he is therefore entitled to be discharged from custody on habeas corpus. No sentence was pronounced at that time. Sentence was specifically suspended.

Clearly, the trial judge did not intend to, and the court did not, pronounce judgment as a complete penalty for the crimes of which the defendant had been convicted. It directed that he should serve the first 30 days of his two-year probation in the county jail and pay a fine of $500, as some of the conditions upon which the probation was granted. They are inseparable conditions of and mere incidents to the order of probation. The clerk's minutes show that on November 16, 1946, the court said that,

"The defendant is *admitted to probation for the period of two years;* the first thirty days to be confined in the County jail and to pay a fine of $500.00. In lieu of fine to serve 200 additional days in jail, *and terms of probation to be such as set down by the Probation Officer. . . ."* (Italics added.)

On the same date, the trial judge signed the complete order for probation, which was filed seven days later, containing the recital that,

"Said defendant having made application to the court to be admitted to probation, and it appearing to this court that there are circumstances *in mitigation of punishment prescribed by law* . . . it is hereby ordered . . . that the imposition of sentence upon you be suspended and the same continued for a period of two years . . . upon the following terms and conditions: . . . ." (Italics added.)

The specific terms and conditions of the probation were then enumerated, including the terms heretofore mentioned. The defendant signed a written consent to the terms of that instrument on November 16, 1946. He voluntarily paid the $500, and served 30 days in the county jail. The petitioner has suffered no detriment which was not due wholly to his wilful violation of the terms of probation to which he agreed in writing.

The foregoing statement with respect to the probationary requirement to pay a fine of $500 also applies to the condition that the defendant should serve the first 30 days of his probation in the county jail. Those provisions did not constitute a judgment or sentence. In *In re Goetz,* 46 Cal.App.2d 848 [117 P.2d 47], it is said on page 851, in that regard:

"When probation is granted there is no finality to the proceeding; the judgment may be modified or set aside by the court under the statute. An order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a *judgment and sentence.* Also, the imposition of a fine as a condition of probation, is not a judgment imposing a fine. (*People* v. *Wallach, supra* [8 Cal. App.2d 129 (47 P.2d 1071)] ; *People* v. *Roberts,* 136 Cal.App. 709 [29 P.2d 432].) 'In this cause, although defendant was guilty and had been *convicted,* having been placed on probation in the first instance there was no *existing judgment* against him. Probation is not a judgment.' (*In re Marquez,* 3 Cal. 2d 625 [45 P.2d 342], at 627; *In re Herron,* 217 Cal. 400 [19 P.2d 4].) "

The order for probation was properly revoked, not only because the petitioner violated its specific terms, but because it was wholly void since he was not eligible to probation on account of his prior convictions of other felonies. The petitioner has not paid the penalty of his crimes. He is not illegally restrained of his liberty. The court properly sentenced him to imprisonment in state prison. It is immaterial that petitioner served 30 days' imprisonment in the county jail and paid the sum of $500. We have no doubt the proper authority will consider the circumstances of this proceeding in determining the term of imprisonment to be imposed. (*People* v. *Chan Chaun,* 41 Cal.App.2d 586, 594 [107 P.2d 455].)

The writ is discharged and the prisoner is remanded.

Adams, P. J., and Peek, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied November 20, 1947.