[Crim. No. 5077.   Second Dist., Div. One.   Sept. 21, 1953.]

In re FRANK HAYS, on Habeas Corpus.

J. Perry Langford for Petitioner.

S. Ernest Roll, District Attorney (Los Angeles), Jere J. Sullivan, Deputy District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

DORAN, J.—The records disclose that on January 17, 1951, the applicant, Frank Hays, after trial by jury, was found guilty as charged, of manslaughter in the driving of a motor vehicle with gross negligence. The verdict recommended punishment by imprisonment in the county jail. The information charged a former conviction in San Diego County of the crime of robbery, which prior conviction was admitted by the defendant.

On February 8, 1951, a motion for new trial was **denied;** the proceedings were ordered suspended, and petitioner was granted probation upon the condition that the first eight months of the probationary period be served in the county jail, with good time allowed if earned. Other conditions were imposed which are not relevant to the present controversy.

Under the above probationary condition, and no sentence having been pronounced, Hays was confined in the county jail for a period of about 6 months and 18 days. Thereafter, and on March 26, 1953, probation was revoked on account of defendant's violation of the terms thereof. A sentence of one year in the county jail was thereupon imposed, and on July 29, 1953, the present writ of habeas corpus was issued by this court.

It is now contended that by reason of the above procedure, petitioner has been committed to a county adult detention facility for a period of more than one year, in violation of section 19a of the Penal Code, which provides that ''In no case shall any person sentenced to confinement in a county or city jail, or in a county or joint county penal farm, road camp, work camp, or other county adult detention facility, on a conviction of a misdemeanor, or as a condition of probation, or for any other reason, be committed for a period in excess of one year, provided, however, that the time allowed on parole shall not be considered as a part of confinement.''

The question here presented, as phrased by respondent is, ''Does section 19a, Penal Code, authorize a judgment and sentence in the county jail for a period of one year, after and without crediting thereon, a previous period of confinement in the county jail as a condition of probation in the same cause?''

The contention that petitioner has been committed to a county jail in violation of section 19a is based upon what

310

respondent terms a fallacious line of reasoning, namely, "upon a process of including the period of about 6 months and 18 days confinement in the county jail *as a condition of probation* with the period thus far served (as of July 29, 1953, of about 4 months and 10 days) of the ordered 1 year confinement in the county jail imposed by the judgment and sentence *as punishment for the crime* after vacation of the order granting probation." (Respondent's italics.)

Among other things, the respondent has urged that "the writ (habeas corpus) was applied for prematurely and issued prematurely," inasmuch as even under petitioner's theory, the added terms of confinement under probation and under the sentence only total, up to March 29, 1953, the date of issuing the writ, a period of about 10 months and 28 days, in other words, less than one year; and that therefore there was at that date, no violation of section 19a. However, as noted in petitioner's closing memorandum, "taking respondent's figures as correct, applicant will undoubtedly have actually served more than one year by the time this case is decided. The last day of the year would fall on the first or second of September (1953)." That date is now past, and in view of the decision herein, it is unnecessary to further consider this contention.

There is no serious disagreement in respect to the trial court's authority to grant probation in the present case; nor can there be any doubt about the validity of the condition imposed as a part of such probation, namely, that the defendant serve the first eight months of the probation in the county jail.

The general nature of the entire probationary procedure is likewise well settled. ■ As said in *In re Martin*, 82 Cal.App.2d 16, 22 [185 P.2d 645], "An order placing a defendant on probation, even though it include as a condition a period of detention in the county jail, is not a *judgment and sentence.*" ■ There is no finality to an order for probation; it imposes no penalties but is "an act of clemency." ■ A defendant has the undoubted right to refuse probation,—a necessary safeguard against the possibility that probationary conditions may be more onerous than sentence. (*People* v. *Frank*, 94 Cal.App.2d 740, 742 [211 P.2d 350], citing *People* v. *Billingsley*, 59 Cal.App.2d Supp. 845, etc. [139 P.2d 362].)

■ As pointed out in *In re Marquez*, 3 Cal.2d 625, 628 [45 P.2d 342], section 19a of the Penal Code, relied upon by

petitioner, "must be read and construed as a whole in harmony with other statutes relating to the same general subject matter." In the present situation, this means that section 19a, limiting imprisonment in a county jail to one year, must be interpreted in connection with section 1203 of the Penal Code authorizing the granting of probation, and as a condition thereof, imprisoning the defendant in the county jail.

With these preliminary considerations in mind, it becomes apparent that petitioner's complaint deals with two separate and distinct concepts which cannot be safely commingled,—namely probation and sentence. The original imprisonment of 6 months and 18 days was a lawful and proper condition of probation which, as hereinbefore mentioned, might have been accepted as it was, or entirely rejected. Having accepted probation, and thus having voluntarily served this period, defendant is hardly in a position to enter an objection thereto. And, had Mr. Hays complied with the other terms of probation, which he did not, then there would have been no further imprisonment. The further imprisonment,—the only jail sentence ever imposed, came about solely by reason of defendant's violation of probation terms, resulting in revocation of probation. And so, again, defendant is not in a position to complain of the logical and legal consequences.

Neither section 19a of the Penal Code, nor section 1203.2, nor any other statute, provides that time served in a county jail as a condition of probation, shall be deducted from a jail sentence imposed upon revocation of probation, nor considered in reference thereto. Had the legislators intended such a thing, there is no reason to doubt that a definite provision to that effect would have somewhere been incorporated. And in order to approve of the petitioner's contention, it becomes necessary to read such a provision into the law;—a procedure which judicial tribunals have no authority to resort to.

There is, moreover, a further indication that the legislators did not intend that on revocation of probation and imposition of sentence, the defendant should be given credit for time served in jail as a condition of probation. Section 1203.2 of the Penal Code, as it read previous to 1935, contained just such a provision, that "in that event any period of time which such probationer may have served in jail or other detention place or any fine paid, under the terms and conditions of his probation, shall be taken into consideration as a part of his punishment, and he shall have credit therefor to be deducted from his term of confinement or from the amount of any fine im-

posed upon final judgment." When the statute was amended in 1935, the quoted matter was omitted and is not contained in the probation law as it exists today. By omitting such provision, a plain intention seems to be indicated that the law makers did not desire the previous situation to continue.

Although dealing with a factual situation somewhat dissimilar to that here presented, the decision in *In re Webber*, 95 Cal.App.2d 183 [212 P.2d 540], is pertinent. The headnote to that case reads as follows: "A defendant who pleaded guilty to the commission of a felony and who was placed on probation for five years on condition that he serve two years in the county jail, was not entitled, after serving more than one year in such jail, to release on habeas corpus on the ground that Pen. Code, § 19a, limits detention in a county jail to one year, since such section is limited by § 1203.1, expressly permitting the trial judge in granting probation in felony cases as a condition thereof to imprison the defendant in a county jail for a period not exceeding maximum time fixed by law for the offense."

Finally, in the language of respondent's brief, "Petitioner's contention would mean that such a defendant would not be subject to judgment and sentence for the offense of which he was convicted because of the time spent in jail as a condition of probation having been for a period of one year." Under such an interpretation, a defendant could safely violate the terms of probation knowing that no jail sentence could be imposed upon a revocation of the probation. Such cannot have been the legislative intent. Petitioner's conviction, probation, revocation of probation, and sentence, all appear to have been entirely regular and in accord with the provisions of law relating thereto.

The writ is discharged and petitioner remanded to the custody of the sheriff.

White, P. J., and Scott (Robert H.), J. pro tem., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 19, 1953.