[Crim. No. 4290. First Dist., Div. Two. Oct. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GARY ATWOOD, Defendant and Appellant.

Thomas B. Bracken, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., Keith E. Pugh, Jr., and John F. Kraetzen, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT.—This is an appeal from an order dated August 3, 1962, revoking probation. Appellant contends that the order is void and that he must be released from custody because: 1) he has fully served his sentence and had not been granted probation; 2) the court had no power to grant him probation under section 11715.6 of the Health and Safety Code; and 3) he was denied his right to refuse probation. We have concluded that there is no merit in any of these contentions.

The facts are not in dispute. On October 8, 1959, appellant, Gary Atwood, and his codefendant, William Roach, were charged by indictment in matter No. 56424 with a violation of section 11531 of the Health and Safety Code, the sale of narcotics, in San Francisco on September 5, 1959. After proper waiver of a jury trial, appellant was tried and found guilty as charged on November 17, 1959. On December 8, 1959, the court denied the appellant's motion for probation and sentenced appellant to the state prison. The court immediately suspended execution of the sentence and ordered that the appellant be punished by imprisonment in the county jail for one year, the sentence to run consecutively with appellant's one-year county jail sentence in matter No. 56423.

A year later, on December 19, 1960, the court ordered appellant's sentences modified to time already served and ordered his release from the county jail. Thereafter, on August 3, 1962, the court entered its order revoking probation in No. 56424, reimposed the execution of the sentence suspended on December 8, 1959, and committed the appellant to the state prison. The notice of appeal, dated August 9, was not received by the superior court until August 23. Thereafter, pursuant to California Rules of Court, rules 31(a) and

33,* this court (Division Three) ordered the late notice of appeal filed and appointed an attorney to represent the appellant on appeal.

Appellant argues that he was not granted probation but given a one-year county jail sentence in No. 56424; that the court could not grant him probation under section 11715.6 of the Health and Safety Code; and that since he has served his sentence, the order of August 3, 1962, revoking probation and reimposing the sentence was void and constituted his present detention unlawful. Preliminarily, we must point out that if the appellant was not granted probation, the result would not be his release from custody. ■ The legal effect of a suspended sentence without granting probation is to void the suspension (*People* v. *Cortez,* 199 Cal.App.2d 839 [19 Cal. Rptr. 50] ; *People* v. *Cravens,* 115 Cal.App.2d 201 [251 P.2d 717], while the sentence and judgment remain valid (*In re Collins,* 8 Cal.App. 367 [97 P. 188] ; *In re Martin,* 82 Cal. App.2d 16, 22 [185 P.2d 645]).

■ At the time of the appellant's sentence (December 8, 1959), a violation of section 11531 of the Health and Safety Code was punishable either by "imprisonment in the county jail for not more than one year, or in the state prison for five years to life" (Stats. 1959, ch. 1112, p. 3195, § 8). The record, however, clearly indicates that the trial court imposed a felony sentence in the instant case (No. 56424) and a misdemeanor sentence in No. 56423 (two counts of sale of narcotics in July and September, to which the appellant had entered pleas of guilty). There is, therefore, no merit to the appellant's contention that he received only a misdemeanor sentence, which he has now served.

■ We turn next to appellant's argument that section 11715.6 of the Health and Safety Code prohibited the court from granting him probation. That section, prior to the 1961 amendment, so far as relevant, read as follows: "In no case shall any person convicted of violating sections . . . 11531, . . . or of committing any offense referred to in those sections, be granted probation by the trial court, nor shall the execution of the sentence imposed upon such person be suspended by the court, if such person has been previously convicted of any offense described in this division. . . ."

■ Under section 1203 of the Penal Code, authority is vested in the court to grant probation except in those cases in

---

*Formerly Rules on Appeal, rules 31(a) and 33.

which authority is specifically withheld (*People* v. *Alotis* *(Cal.App.) 31 Cal.Rptr.1). ▮ The well-settled interpretation of the above quoted statutory provision is that the Legislature saw fit to deny probation to persons *previously convicted* of any narcotics offense (*People* v. *Griffin*, 209 Cal. App.2d 557, 562 [26 Cal.Rptr. 311]; *People* v. *Lopez*, 213 Cal.App.2d 668, 676-677 [28 Cal.Rptr. 912]; *People* v. *Estrada*, 211 Cal.App.2d 722, 728 [27 Cal.Rptr. 605]); and see *People* v. *Wallace*, 59 Cal.2d 548, 550 [30 Cal.Rptr. 449, 381 P.2d 185] while leaving the granting of probation on the first narcotics offense to the discretion of the trial court. The record shows that in the instant case, in addition to the instant proceeding (No. 56424), the appellant was simultaneously convicted and sentenced on two counts of sale of narcotics in proceeeding No. 56423. It follows, therefore, that the appellant had not been *previously* convicted of a narcotics offense within the meaning of section 11715.6 of the Health and Safety Code. As the record established that these were the appellant's first narcotics offenses, the court unquestionably had the authority to grant probation. The next question is whether the court exercised its discretion and authority to do so.

▮ It is well established that a court has no power to suspend a sentence except as an incident to granting probation (Pen. Code, §§ 1203, 1203.1; *Oster* v. *Municipal Court*, 45 Cal.2d 134, 139 [287 P.2d 755]; *People* v. *George*, 169 Cal.App.2d 740 [338 P.2d 240]). ▮ If the words "probation denied" had been excluded from the December 8, 1959, order of the court here, leaving only the suspension of the sentence imposed, its action would have been regarded as an informal order granting probation and given effect as such (*In re Herron*, 217 Cal. 400, 404 [19 P.2d 4]; *Ex parte Slattery*, 163 Cal. 176 [124 P. 856]; *People* v. *Wallach*, 8 Cal.App.2d 129 [47 P.2d 1071]; *People* v. *Bueno*, 177 Cal. App.2d 235 [2 Cal.Rptr. 62]). As indicated above, the record here shows an application for probation, a hearing upon it, and an express denial of probation. It has been held that upon such a record, there is no room for implication or construction of the order to imply a grant of probation from the act of suspending the sentence (*Ellis* v. *Department of Motor Vehicles*, 51 Cal.App.2d 753 [125 P.2d 521]; *People* v. *Rickson*, 112 Cal.App.2d 475 [246 P.2d 700]).

*A hearing was granted by the Supreme Court on July 17, 1963. The final opinion of that court is reported in 60 Cal.2d 698 [36 Cal.Rptr. 443, 388 P.2d 675].

However, while our Supreme Court does not purport to overrule the *Ellis* and *Rickson* cases in *Oster* v. *Municipal Court*, 45 Cal.2d 134 [287 P.2d 755], the reasoning and result of the *Oster* case support the conclusion that no ironclad formula is to be applied in determining whether probation was granted. In the *Oster* case, at the time set for the probation hearing and sentence, the probation report was filed, the court entered its order denying probation and sentenced the defendant to 180 days in the county jail, with the provision that the time of 30 days was suspended. The Supreme Court construed the suspension as a grant of probation and the language of the order stating "probation denied" as a procedural error.

The court further held at page 139 that "the precise circumstances of each case must be closely examined to determine whether in fact probation was finally granted or denied." Furthermore, the mere pronouncement of sentence or denial of an application for probation before the imposition of judgment does not preclude the granting of probation after judgment is pronounced or has been affirmed on appeal (*People* v. *Sidwell*, 27 Cal.2d 121, 130 [162 P.2d 913]). Probation may be granted at any time before execution of the sentence is begun (*In re Bost*, 214 Cal. 150 [4 P.2d 534]). We must, therefore, look at the precise circumstances of the instant case to determine whether, despite the language of the order, in fact probation was finally granted or denied.

The record reveals the following at the time of sentencing: "THE COURT: Well, I think the best thing to do is to give you a suspended penitentiary sentence and spend the time in the county jail, and if you keep your promises and don't drink any more you will be all right. If you don't you will have to go to the State Penitentiary. THE DEFENDANT: Thank you, your Honor. THE COURT: I'll give you that much of a chance. THE DEFENDANT: I won't be back. THE COURT: All right, it's the order of the Court that the defendant be sentenced to the State Penitentiary for the term prescribed by law, that the sentence be suspended and that he serve one year in the county jail. That sentence imposed applies to Action No. 56424. Now, on the other two counts, as to which you entered a plea of guilty, I will sentence you on each of the two counts. First, I will deny probation in respect to those counts and on each of those counts sentence to one year in the county jail, and that time to run on each of those counts

concurrently. The sentence in Action 56424 and the sentence in 56423 shall run consecutively. You will have credit for time served. THE DEFENDANT: Your Honor, I don't understand that. Will you explain that to me? THE COURT: You have been treated extremely fairly. I have imposed a State Penitentiary sentence on you on the case that was tried before the Court, but the testimony that was given was not truthful and reliable, and I think that in view of your record, in taking all matters into consideration, you are entitled to that sentence. Now, I am going to allow you to serve one year in the county jail on that sentence, with credit for the time you have served, but if you get into any further difficulty you are going to the State Penitentiary. THE DEFENDANT: Yes, sir. THE COURT: I have imposed this county jail sentence on your other two counts. THE DEFENDANT: Yes, sir. THE COURT: Which will result in those two counts being misdemeanors, so that you only have one felony count here as a result, but I think you are entitled to additional punishment for being involved in those two other sales, so that time will have to run consecutively to the time on the first. THE DEFENDANT: Then I have two years to do? THE COURT: With credit for the time you have served. THE PROBATION OFFICER: Your Honor, did you intend on the first sentence that he be on probation to the Court or on Probation—THE COURT: No, I don't want to put him on probation to the Probation Department. I don't think this is a case for that. I think if he gets in trouble at any time with this record that he should go to the State Penitentiary."

The instant case must be viewed in the light of the *Oster* case. We think it is sufficiently clear from the above that the court granted the appellant probation. ■ Probation is a "bargain" made by the People with a malefactor that if he complies with the requirements he will be rewarded by not having to go to prison (*People* v. *Municipal Court,* 145 Cal. App.2d 767 [303 P.2d 375]). The obvious purpose was to secure compliance through an attempt at helpful cooperation rather than by coercion or punishment. (*People* v. *Johnson,* 134 Cal.App.2d 140, 143-144 [285 P.2d 74]). Probation essentially calls for continuing supervision of the probationer and maintaining jurisdiction and power in the trial court to act in respect to such supervision (*In re Osslo,* 51 Cal. 2d 371, 380 [334 P.2d 1]). ■ The colloquy between the court and the probation officer at the end of the above quotation merely evidences the court's desire that the appellant be

supervised by the court rather than the probation department.

We conclude, therefore, that the order of December 8, 1959, was an informal or implied grant of probation and the equivalent of a formal order (*Oster* v. *Municipal Court, supra; People* v. *George, supra; People* v. *Bueno,* 177 Cal.App.2d 235, 240 [2 Cal.Rptr. 62]; *People* v. *Municipal Court,* 145 Cal.App.2d 767, 771 [303 P.2d 375]). The suspension of the execution of the prison sentence and the provision that the appellant spend a year in the county jail were conditions of probation, not a judgment and sentence. (*In re Hayes,* 120 Cal.App.2d 308, 310 [260 P.2d 1030]). Thus, the commitment order of August 3, 1962, was the final jurisdictional act in the execution of the outstanding valid judgment (*In re Osslo, supra; In re Collins, supra).* Appellant has suffered no prejudice by serving the year in the county jail as the Adult Authority will consider all of the circumstances of the case (*People* v. *Cravens, supra; In re Martin, supra).*

We turn briefly to the appellant's final contention that because he was unaware of the grant of probation, he was unable to exercise his right to refuse probation. The record reveals that the appellant was represented by counsel, that the court carefully explained the matter, and that the appellant understood that if he got into any further difficulty, he would be sent to the state penitentiary. While it is clear that a defendant has the right to refuse probation if he feels its terms are more onerous than the sentence imposed (*In re Osslo, supra),* such refusal must be timely or the probation will be deemed accepted. (*People* v. *Billingsley,* 59 Cal.App.2d Supp. 845, 850 [139 P.2d 362]). Here, the appellant first requested a county jail sentence and then acquiesced and spent a year in the county jail. Having thus accepted the benefits of the bargain incipient with the grant of probation, the appellant cannot now complain. If the appellant had not become embroiled with the law in violation of his bargain, he would still be enjoying the clemency received (*In re Hays, supra).*

Order revoking probation is hereby affirmed.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1963.