[Crim. No. 12530. First Dist., Div. One. Aug. 23, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY KEITH BRASLEY, Defendant and Appellant.

## COUNSEL

James C. Hooley, Public Defender, Philip M. Brooks and Michael G. Millman, Assistant Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Gloria F. DeHart and Ina Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—Defendant, following a plea of guilty, was convicted of second degree burglary. He was sentenced to the state prison for the term prescribed by law, execution of the sentence was suspended, and he was placed on probation for three years on condition he serve 12 months in the county jail. From the time of his arrest and until the date of sentencing defendant had remained in the county jail for a period of 83 days because of his inability to post bail. The sole issue on the appeal from the judgment is whether defendant is entitled to a credit of the 83 days toward the county jail sentence imposed as a condition of probation.[1]

■ Penal Code section 19a,[2] in pertinent part, provides: "In no case shall any person sentenced to confinement in a county or city jail, . . . as a condition of probation upon conviction of either a felony or a misdemeanor, . . . be committed for a period in excess of one year; . . ." Defendant asserts that because of his indigency in not being able to post bail he is being confined in the county jail for 12 months and 83 days and that had be been able to post bail the maximum of his confinement under section 19a would be 12 months. Accordingly, he contends that because of his indigency he is being deprived of the equal protection of the laws.

Defendant places strong reliance on *In re Antazo*, 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999]. That case is clearly distinguishable from the present case and is not dispositive of the issue here presented. It was held in *Antazo* that to require an indigent defendant who is unable to pay a fine or penalty assessment to serve them out at a specified rate per day constitutes an invidious discrimination on the basis of wealth, in violation of the equal protection clause of the Fourteenth Amendment, whether such fine or penalty assessment is imposed as a condition of probation or in a judgment following a denial of probation. (3 Cal.3d at pp. 115-116.) In the instant case we are not faced with an invidious discrimination on the basis of wealth in the order granting probation but with the refusal to grant credit for the presentence detention towards the confinement ordered as a condition of probation. The 12-month county jail sentence imposed as a condition of probation was imposed without respect to any considerations predicated on wealth or indigency.[3]

---

[1] Although defendant applied for a certificate of probable cause, which was refused, none was needed in order to make his appeal operative. Under rule 31(d) of the California Rules of Court such a certificate is not required for an event occurring after the plea where the validity of the plea is not challenged.

[2] Unless otherwise indicated, all statutory references are to the Penal Code.

[3] At the time set for pronouncement of judgment and prior to the sentence imposed counsel for defendant requested that credit be granted for the time served in the

We apprehend that if defendant is entitled to credit for the presentence detention he must rely on section 2900.5 and the recent decision of *In re Kapperman,* 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657], which interprets this statute. Section 2900.5, in pertinent part, provides: "(a) In all felony convictions, either by plea or by verdict, when the defendant has been in custody in any city, county, or city and county jail, all days of custody of the defendant from the date of arrest to the date on which the serving of the sentence imposed commences, including days served as a condition of probation in compliance with a court order, shall be credited upon his sentence, . . ." *Kapperman* holds that "section 2900.5 must be applied to all felony convictions, and not only to those in which presentence detention occurred as a result of indigency and inability to post bail." (At p. 549.)

██ The sentence imposed in the instant case is the sentence to the state prison for the term prescribed by law for second degree burglary (§§ 459, 460), i.e., for not less than one year or more than 15 years (§ 461), and not the term of imprisonment in the county jail for one year. The provision that defendant spend a year in the county jail is a condition of probation and not a judgment and sentence. (*People* v. *Banks*, 53 Cal.2d 370, 385, fn. 8 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Esparza*, 253 Cal.App.2d 362, 365 [61 Cal.Rptr. 167] [cert. den., 390 U.S. 968 (19 L.Ed.2d 1174, 88 S.Ct. 1082)]; *People* v. *Atwood*, 221 Cal.App.2d 216, 223 [34 Cal.Rptr. 361]; *In re Hays*, 120 Cal.App.2d 308, 310 [260 P.2d 1030].) ██ As observed in *In re Solis*, 274 Cal.App.2d 344, 349 [78 Cal.Rptr. 919], "It is undisputed that jail detention may be ordered as a condition of probation and when so ordered is not regarded as punishment but as a part of the whole supervised program of rehabilitation. [Citation.]"

When the court pronounces sentence of imprisonment and suspends its execution the court refrains from issuing commitment of the defendant to the prison authority pending administration of the probation plan. (*People* v. *Banks, supra,* 53 Cal.2d 370, 384-386.) ██ Upon pronouncement of a sentence of imprisonment in a state prison the defendant acquires the legal status of a person who has both been convicted of a felony and *sentenced* to such imprisonment, but by granting probation and withholding commitment the court retains jurisdiction over the defendant under the probation procedures. (*People* v. *Banks, supra,* at p. 385; see § 17; *People* v. *Atwood, supra,* 221 Cal.App.2d 216, 223.) Accordingly, "Upon entry of such judgment and withholding of commitment the sentenced

---

county jail prior to the entry of the guilty plea. The court made no response to this request but proceeded with its pronouncement of the judgment.

defendant is held in the custody, actual or constructive, of the court and is entitled to only such privileges as the court may affirmatively prescribe in its order." (*People* v. *Banks, supra,* at pp. 385-386.) In the event of violation of the terms of probation the court has authority during the term of probation to revoke the probation (§§ 1203.2, 1203.3; *People* v. *Banks, supra,* at p. 386), and upon the making of an order revoking probation the defendant, in a case where judgment was pronounced and sentence to the state prison was imposed, will be committed to the state prison in the execution of said judgment which then becomes in full force and effect, less any credits to which he is entitled. (*People* v. *Banks, supra,* at p. 386; *People* v. *Atwood, supra;* § 2900.5.)

Section 1203.1, in pertinent part, provides: "The court or judge thereof, in the order granting probation, may suspend . . . the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, . . . and upon such terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; . . ." In conformity with this section the court below suspended the execution of the state prison term for a period of three years upon several conditions, one of which was that "Defendant shall serve the first twelve (12) months of said probationary period in the Alameda County Jail . . . ." This condition of imprisonment was for the "maximum term fixed by law," i.e., the maximum of 12 months as provided in section 19a. (See *People* v. *Rojas,* 216 Cal.App.2d 819, 829 [31 Cal.Rptr. 417].)

Probation is not a right of the defendant but an act of clemency extended by the court in the hope that the defendant may be rehabilitated. (*In re Osslo,* 51 Cal.2d 371, 377 [344 P.2d 1]; *People* v. *Cortez,* 199 Cal. App.2d 839, 844 [19 Cal.Rptr. 50]; *People* v. *Johnson,* 134 Cal.App.2d 140, 143 [285 P.2d 74]; *People* v. *Blankenship,* 16 Cal.App.2d 606, 609 [61 P.2d 352]; § 1203.) It may be granted by the court "upon such terms and conditions as it shall determine" including the condition that the defendant be imprisoned in the county jail for a period not exceeding one year. (§§ 1203.1; 19a.) In the instant case the trial court was aware that defendant had spent 83 days of presentence detention yet it chose, as a condition of probation, to require that he serve one year in the county jail. This condition, as expressed in the judgment, bears the notation "no order made by the Court as to credit for time served." It is apparent that irrespective of any presentence detention the court intended and

desired that as a condition of probation defendant serve the maximum term in the county jail permitted by section 19a. Under its broad discretionary power it had the authority to impose such a condition and it did not abuse its discretion. We point out that defendant had the right to reject probation upon this condition if he deemed it to be more onerous or objectionable than the state prison sentence. (*In re Osslo, supra,* at pp. 377, 381; *People* v. *Oppenheimer,* 236 Cal.App.2d 863, 866 [46 Cal. Rptr. 476] [cert. den., 383 U.S. 930 (15 L.Ed.2d 849, 86 S.Ct. 938); 384 U.S. 965 (16 L.Ed.2d 677, 86 S.Ct. 1595)]; *In re Hays, supra,* 120 Cal.App.2d 308, 310.)

■ In view of the foregoing we conclude that within the contemplation of section 2900.5 defendant has not commenced to serve the state prison sentence imposed in the judgment. The credit for presentence detention claimed by him will come into play only if he should commence to serve said sentence. ■ We apprehend, by way of example, that a defendant subject to the same judgment and order of probation as that in the instant case would, if his probation were revoked, be entitled to a credit on the state prison sentence of both the period of presentence detention and the days served in the county jail as a condition of probation. (§ 2900.5.)

The judgment is affirmed.

Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 17, 1974.