**Sureshichandra M. PATEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 75–2108.

United States Court of Appeals, Ninth Circuit.

Oct. 1, 1976.

Milton T. Simmons, of Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

B. Franklin Taylor, James P. Morris and Mary Jo Grotenrath, Attys. of Crim. Div., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before WRIGHT and SNEED, Circuit Judges, and FITZGERALD,* District Judge.

SNEED, Circuit Judge:

Patel is an Indian national who overstayed his student visa. At his deportation hearing, he requested the privilege of voluntary departure but because he had been convicted in California of a felony involving moral turpitude, namely, receiving stolen property, the Immigration Judge ruled that he was ineligible for voluntary departure. Patel has appealed. We affirm.[1]

## I.

Patel was charged with two felony counts of receiving stolen property arising out of two apparently separate transactions.[2] Cal. Pen.Code § 496(1) (West Supp.1976). He was convicted by jury "of the crime of felony" on both counts, and was sentenced to "imprisonment in the State Prison for the term provided by law." Execution of sentence was suspended, Patel was placed on probation for three years, and as a condition of probation he was ordered confined in the county jail for 6 months with credit for time served. The sentencing judge's order provided that "sentence concurrent as to each count."[3]

---

* The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

1. Our jurisdiction is based on 8 U.S.C. § 1105a(a) (1970).

2. Though Patel was convicted and sentenced on both counts, the trial judge amended the information in a manner to cause the two counts to appear to arise out of only one transaction. By reason of California's "double punishment" statute, the second sentence may be invalid. See People v. Smith, 26 Cal.2d 854,

161 P.2d 941 (1945); People v. Brumley, 242 Cal.App.2d 124, 51 Cal.Rptr. 131 (1966); and cases discussed therein. We decide that Patel is ineligible on other grounds, and therefore need not reach this issue. We shall assume, without deciding, that Patel has committed only one offense.

3. While his appeals were pending, Patel married a United States citizen who applied for a permanent visa for Patel on his behalf. The District Director granted a stay of deportation, but has denied a further stay. If Patel is deported he becomes ineligible for a visa.

## II.

It is admitted that Patel was convicted of a crime involving moral turpitude, and that he is in the country illegally. Thus, unless he can fit within an exception, he is deportable and cannot be permitted the privilege of voluntary departure. 8 U.S.C. §§ 1101(f)(3), 1182(a)(9), 1254(e) (1970); *see Khalaf v. I&NS,* 361 F.2d 208 (7th Cir. 1966); *Orlando v. Robinson,* 262 F.2d 850, 851 (7th Cir. 1959).

The pertinent exception provides as follows:

> An alien who would be excludable because of the conviction of a *misdemeanor* [involving moral turpitude] classifiable as a *petty offense* under the provisions of section 1(3) of title 18 [United States Code], by reason of the *punishment actually imposed,* . . . may be granted a visa and admitted to the United States if otherwise admissible: Provided, That the alien has committed only one such offense . . . .

8 U.S.C. § 1182(a)(9) (1970) (emphasis added).

It follows that Patel must establish that he was convicted of not more than one misdemeanor which, by reason of the punishment actually imposed, is classifiable as a petty offense.[4] "Petty offense" is defined by 18 U.S.C. § 1(3) (1970) as "any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months . . . ."

### A. *Is the Classification of the Offense a Federal Question?*

█ Considerable confusion exists with respect to the effect of California's classification of an offense as a felony. In our view, the exception set forth in subsection (a)(9) plainly indicates that California's description of the punishment imposed is not controlling: the only significant element for the purposes of applying the exception is the *duration or term* of punishment actually imposed. That term is measured against the federal standard stated in 18 U.S.C. § 1(3); if the penalty does not exceed imprisonment for a period of six months, it is a "petty offense."

No other basis would be equitable or reasonable. States vary considerably in their classifications of crimes, as do foreign nations. A foreign nation may well not even use "misdemeanor" and "felony" classifications. Therefore,

> [i]n order to avoid divergent and anomalous results which would follow from an application of varying systems of foreign law, reason requires that the United States standards be applied . . . . . This conclusion is fully supported by the legislative history . . . . .

*Giammario v. Hurney,* 311 F.2d 285 (3d Cir. 1962); *see* 100 Cong.Rec. 15388 (1954).

### B. *The Duration or Term of Patel's Actual Punishment.*

To determine the duration or term of punishment actually imposed, we must examine what was done in the California proceedings.[5] This examination requires that we recognize that the judge under California law in a proceeding such as that involving Patel has the option—if the defendant is otherwise eligible—of (1) leaving a defendant unsentenced and placing him on probation, or (2) sentencing him and thereafter placing him on probation. It is imperative, therefore, in analyzing California "punishments" to focus closely on the precise nature of the sentence, *i. e.,* whether prior to granting probation *imposition* of

---

4. Even if statutorily eligible, the Immigration Service has authority to grant or deny voluntary departure as a matter of discretion. To this point, the Immigration Service has based its denial of voluntary departure exclusively on the statutory bar and not on exercise of its discretion.

5. We do not accept the rule first applied in *Giammario v. Hurney, supra,* and adopted in *Soetarto v. United States,* 516 F.2d 778 (7th Cir. 1975), that "actual punishment" is determined by looking to the maximum possible penalty which could be imposed under an equivalent federal statute. *Barde v. United States,* 224 F.2d 959 (6th Cir. 1955), cited as precedent in *Giammario* and *Soetarto,* involved very different facts and issues and does not support the use made of it.

sentence was suspended, as in the first alternative, or *execution* of the sentence was suspended, as in the second alternative.

In Patel's case, the trial judge's order was as follows:

[That Patel] be punished by imprisonment in the State Prison for the term provided by law. It is further ordered that execution of said sentence be suspended and:

It is ordered that he be placed on Probation for a period of three (3) years.

AND, as a condition of Probation, that he be confined in the County Jail . . for the term of Six Months, with credit for time heretofore served . . . . Sentence concurrent as to each count. Sentence *not* concurrent with any deportation proceedings.

Abstract of Order Granting Probation, Record at 45 (emphasis in original).

Patel, therefore, received punishment under California law having the following consequences:

(1) He was sentenced to state prison.[6]

(2) His term of imprisonment is 10 years, the maximum authorized by the statute under which he was convicted. Cal.Pen.Code §§ 18, 496, subd. 1 (West 1970); *see In re Costello,* 262 F.2d 214 (9th Cir. 1958); *People v. Brasley, supra.*

(3) Execution of sentence was suspended, and Patel was placed on probation for three years. *Oster v. Municipal Court,* 45 Cal.2d 134, 287 P.2d 755 (1955); *People v. Municipal Court,* 145 Cal.App.2d 767, 303 P.2d 375 (1956); Cal.Pen.Code § 1203.1 (West 1970).

(4) Patel's probation was conditional on (a) the conditions implied by law, and (b) consent to confinement in the county jail for six months with credit for time served applied against his probationary term. *People v. Brasley, supra; People v. Atwood,* 221 Cal.App.2d 216, 34 Cal.Rptr. 361

(1963); *People v. Rye,* 140 Cal.App.2d Supp. 962, 296 P.2d 126 (Ventura Cty.Super.Ct.1956); Cal.Pen.Code §§ 1203.1, 2900.5 (West Supp.1976).

(5) The sentence is final; the trial judge can neither recall, alter, nor reduce it. *People v. Arguello,* 59 Cal.2d 475, 30 Cal.Rptr. 333, 381 P.2d 5, 30 Cal. Rptr. 333 (1963); *Oster v. Municipal Court, supra;* Cal.Pen.Code § 1203.1 (West 1970).

(6) If Patel's probation is ever revoked, he must serve the full ten-year term (or obtain earlier parole) unless the trial judge reinstates probation. Cal. Pen.Code § 1203.2 (West Supp.1976); *see People v. Daugherty,* 233 Cal. App.2d 284, 43 Cal.Rptr. 446 (1965).

These consequences make clear that Patel's contention that his "actual punishment" was 6 months in the County jail is without merit. His actual punishment under California law is 10 years' imprisonment; the 6-month term was an "act of leniency" through which he obtained probation, and not his actual punishment. *People v. Brasley, supra; In re Hays,* 120 Cal. App.2d 308, 260 P.2d 1030 (1953).

"Actual punishment," for the purposes of 8 U.S.C. § 1182(a)(9) (1970) and under the circumstances of this case, is not the reduced period of *confinement in fact* which Patel's behavior, either prior or subsequent to conviction, may indicate as appropriate. It is the period of confinement to which he is sentenced and which under certain circumstances he may serve in fact. We indicate no opinion on how the duration of punishment should be determined where the *imposition* of the sentence has been suspended.

In this case there is no question but that Patel has been convicted of an offense involving moral turpitude which is not a "petty offense" within the meaning of 18 U.S.C. § 1(3) (1970). He is therefore not eligible for voluntary departure.

AFFIRMED.

---

6. Though this makes his convictions felonies under California law, it is the federal classification which controls. *See People v. Brasley,* 41

Cal.App.3d 311, 115 Cal.Rptr. 910 (1970); Cal. Pen.Code § 17(a) (West Supp.1976).