**Juan Jose Cazares MIRAMONTES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–76144.

United States Court of Appeals, Ninth Circuit.

Submitted July 16, 2008.*

Filed July 21, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Keith I. Bernstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN **, District Judge.

### MEMORANDUM ***

Neither the Board of Immigration Appeals (BIA) nor the Immigration Judge (IJ) erred in their determination that Juan Jose Cazares Miramontes, a native and citizen of Mexico, failed to satisfy his burden of proof to show that he was entitled to discretionary cancellation of removal. *See* 8 C.F.R. § 1240.8(d).

The problem lies in admissions Miramontes made in his testimony before the IJ. He testified that he had been convicted of burglary, which the government later confirmed was for receiving stolen property. Miramontes admitted that he and others broke into a car and stole its radio. That concession is sufficient to permit the IJ to conclude that Miramontes had engaged in a crime of moral turpitude. Although the parties do not seriously contest that his state court conviction records reflect that some charge related to that offense was dismissed, Miramontes conceded not only that he spent time in jail, but also that he participated in a work furlough program for the criminal conduct.

The IJ subsequently presented Miramontes the opportunity to submit additional evidence so that he might clarify whether his conviction fell within the petty offense exception, *see* 8 U.S.C. § 1182(a)(2)(A)(ii)(II), to what otherwise appeared to be a crime involving moral

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

turpitude. *See Patel v. INS,* 542 F.2d 796, 797–98 (9th Cir.1976) (reasoning that a conviction under Cal.Penal Code § 496 for receiving stolen property constitutes a crime involving moral turpitude). However, Miramontes did not produce sufficient documentation.

Despite the IJ's finding that Miramontes had been physically present in the United States for ten years, *see* 8 U.S.C. § 1229b(b)(1)(A), and that hardship would enure to certain family members, *see id.* at § 1229b(b)(1)(B), we cannot say that the IJ's ultimate denial of relief was unsupported by substantial evidence. Miramontes bore the burden to show, after admitting to a conviction for receiving stolen property, that he committed a petty offense, not a crime involving moral turpitude compelling his removal. He failed to meet that burden. The record of the testimony at the hearing coupled with the available records of his criminal history support the IJ's finding of conduct amounting to a crime of moral turpitude.

In addition, the BIA and IJ properly concluded that notwithstanding the lack of clarity in the record as to the gravity of his conviction, Miramontes could not demonstrate good moral character. Miramontes testified that he, his wife, and his sister planned his alien wife's crossing into the United States. Miramontes's wife crossed on foot and was admitted after falsely claiming she was a U.S. citizen. Although the final plan differed from the one initially conceived—only the alien wife was picked up by Miramontes's sister once in the United States because Miramontes decided for some reason to take a cab—Miramontes admitted to facts sufficient to permit the IJ to conclude that he had "knowingly encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." 8 U.S.C. § 1182(a)(6)(E)(i).

Miramontes's testimony thus established that he lacked good moral character, rendering him ineligible for discretionary cancellation of removal. *See* 8 U.S.C. § 1101(f)(3); *Altamirano v. Gonzales,* 427 F.3d 586, 592 (9th Cir.2005) (explaining that an "affirmative act of . . . assistance or encouragement" supports a finding under 8 U.S.C. § 1182(a)(6)(E)(i). Substantial evidence supports the BIA and IJ's denial of relief.

Finally, we lack jurisdiction to consider Miramontes's claim of ineffective assistance of counsel because he failed to exhaust that assertion before the BIA. *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) ("We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA").

**PETITION DENIED IN PART; DISMISSED IN PART.**