**Erwin Stuardo VIVAR–FLORES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–74386.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ronald E, Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Erwin Stuardo Vivar–Flores, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

The BIA's order does not sufficiently explain why the California court's suspension of the imposition of a sentence for Vivar–Flores' offense permits the inference that Vivar–Flores was sentenced to the "term of imprisonment [of] at least one year" required by 8 U.S.C. § 1101(a)(43)(G). *See id.* § 1101(a)(48)(B) ("Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part."); *Matter of S–S–,* 21 I. & N. Dec. 900, 902 (BIA 1997) ("[T]he only relevant inquiry is the term to which the respondent was

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sentenced by the court."); *see also Patel v. INS*, 542 F.2d 796, 799 (9th Cir.1976) (reserving the question of "how the duration of punishment should be determined where the *imposition* of the sentence has been suspended"). We therefore remand for reconsideration of Vivar–Flores' appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.