MEMORANDUM **
Erwin Stuardo Vivar-Flores, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.
The BIA’s order does not sufficiently explain why the California court’s suspension of the imposition of a sentence for Vivar-Flores’ offense permits the inference that Vivar-Flores was sentenced to the “term of imprisonment [of] at least one year” required by 8 U.S.C. § 1101(a)(43)(G). See id. § 1101(a)(48)(B) (“Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.”); Matter of S-S-, 21 I. & N. Dec. 900, 902 (BIA 1997) (“[T]he only relevant inquiry is the term to which the respondent was *670 sentenced by the court.”); nee also Patel v. INS, 542 F.2d 796, 799 (9th Cir.1976) (reserving the question of “how the duration of punishment should be determined where the imposition of the sentence has been suspended”). We therefore remand for reconsideration of Vivar-Flores’ appeal.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.