FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERWIN STUARDO VIVAR-FLORES, | No. 09-72526 |
| Petitioner, | |
| | Agency No. A029-249-620 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Although the law prescribed a sentence of two, three or five years imprisonment for second-degree robbery, the crime of which Vivar-Flores was convicted, the court on appeal must look to the actual sentence entered when removal proceedings are initiated under section 237(a)(2)(A)(iii) of the INA. 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1227(a)(2)(A)(iii). Here no actual sentence was imposed because the trial court suspended imposition of sentence and placed Flores directly on probation.

We must again remand. Although Flores was found guilty of second-degree robbery, more was required. The question under section 237(a)(2)(A)(iii) is a combination of the conduct and the sentence actually imposed. 8 U.S.C. §§ 1101(a)(43)(G), 1227(a)(2)(A)(iii).

The BIA merely looked at the offence and the sentence authorized. It was required to consider what term of imprisonment was imposed. It need not reconsider whether a conviction under state law is a removable offense. In light of existing precedents, the BIA's decision on that question was erroneous. We do not ignore the definition of second-degree robbery. We merely hold that the conduct and the sentence imposed are the combined controlling factors. The inquiry is to the term of prison actually imposed rather than what is authorized by statute. Under California law, a court ordering probation has the option of "leaving a defendant unsentenced and placing him on probation, or . . . sentencing him and thereafter placing him on probation." *Patel v. INS*, 542 F.2d 796, 798 (9th Cir. 1976). It is, therefore, imperative to an analysis of punishments under California law "to focus closely on the precise nature of the sentence, i.e., whether prior to granting probation imposition of sentence was suspended, as in the first alternative,

2

or execution of the sentence was suspended, as in the second alternative." *Id.* at 798-99.  If a trial court chooses to suspend the imposition of a sentence, it is prohibited from specifying and pronouncing a term of imprisonment from the statutory range.  Cal. Penal Code § 1170(b).  Here, no term of imprisonment was actually imposed on Flores because the trial court suspended the imposition of his sentence.

We could merely grant the petition for review and reverse the BIA decision with instructions to vacate the order of removal and terminate removal proceedings. We remand instead to permit the BIA to consider the matter in its proper posture in the first instance.

**REVERSED AND REMANDED**.