[Crim. No. 29169. Second Dist., Div. One. Mar. 24, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE HUNTER, Defendant and Appellant.

■■■■■■■■■

## COUNSEL

Roger A. Colvin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., Nancy Saggese, and Robert Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—Found guilty of robbery, defendant was, on April 20, 1976, placed on probation conditioned upon his serving one year in the county jail. The trial court denied defendant's petition seeking credit against the one-year period for 85 days spent by defendant in jail awaiting trial and judgment.

■ In this appeal, defendant contends: (1) Penal Code section 2900.5, as it existed prior to January 1, 1977, was unconstitutional to the extent that it denied credit for "back time" against a sentence imposed as a condition of probation; and (2) a 1976 amendment to section 2900.5 effective January 1, 1977, which allows such credit, is retroactive in the sense that it is applicable to probationary sentences imposed prior to that date.

Noting that defendant's period of county jail incarceration will have been served prior to the date this opinion becomes final but aware of a number of other matters pending in this court which raise the identical issue, we treat the matter on its merits. ■ We conclude that the statutory history of the amendment to section 2900.5 and the rule of construction of sentencing statutes declared by our Supreme Court in *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948] require that the 1976 amendment to section 2900.5 be construed as effective to sentences imposed prior to the effective date by judgments not yet final on January 1, 1977. Because of the result dictated by statutory construction, we do not reach the constitutional issues raised by defendant.

### History of Penal Code Section 2900.5

Prior to 1972, persons convicted of a felony were not entitled to credit against their state prison sentences for "back time," i.e., periods of incarceration in county jail awaiting trial and judgment. In 1971, Penal Code section 2900.5 was enacted to· grant credit for back time. Subdivision (c) of the statute provided that it was applicable "only to those persons who are delivered into the custody of the Director of Corrections on or after the effective date of this section."

Thus, by its terms, the 1971 version of section 2900.5 was inapplicable to grant "back time" credit: (1) to persons sentenced to county jail as a condition of felony probation (*People* v. *Brasley* (1974) 41 Cal.App.3d 311 [115 Cal.Rptr. 910]); and (2) to those who had entered Department of Corrections custody prior to the effective date of the section. In *In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657], our Supreme Court held the prospective limitation of section 2900.5 an invalid invasion of the equal protection guarantees of the Fourteenth Amendment and article I, sections 11 and 21 of the California Constitution. (*Id.,* at pp. 545, 550.)

Penal Code section 2900.5 was amended in the 1976 session of the Legislature. (Stats. 1976, ch. 1045, § 2.) Effective January 1, 1977, subdivision (a) allows "back time" credit against a "sentence" resulting from a misdemeanor or felony conviction. As amended, subdivision (c) defines "sentence" to include: "[A]ny . . . period of imprisonment imposed as a condition of probation . . . ." The subdivision states further that: "The credits provided by this section shall not be considered in establishing or fixing any condition of probation . . . but such credits shall be applied to any such condition of probation . . . no later than one week after it has been established or fixed."

The 1976 amendment to Penal Code section 2900.5 does not contain an equivalent to the prospective limitation contained in the 1971 version of the statute.

The omission of the prospective limitation is significant. It is indicative of a legislative awareness of *Kapperman* which had, prior to 1976, invalidated such a provision in the 1971 version and an intention not to create a similar problem by the 1976 amendment. That intention is expressed in the staff report of the Senate Judiciary Committee in an analysis of the bill which became section 2900.5.[1] Thus, the legislative history of the amendment with which we are here concerned argues for retroactive application, at least in cases which are not final.

Application of the principle of construction of amendments to sentencing statutes declared by our Supreme Court in *In re Estrada, supra,* 63 Cal.2d 740, also indicates that the 1976 amendment should be applied to sentences imposed by judgments prior to January 1, 1977, which are not final. *Estrada* holds: "When the Legislature amends a statute so as to lessen the punishment [without a declaration of prospective operation] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Id.*, at p. 745.)

---

[1]"The bill would repeal a provision making credit for time served applicable prospectively only. This would codify a portion of *In re Kapperman* (1974) 11 Cal.3d 542 which invalidates this provision." (Sen. Com. on Judiciary (1975-1976 Reg. Sess.) Staff Analysis of Assem. Bill No. 3653, p. 5.)

The 1976 amendment to Penal Code section 2900.5 must be construed as one lessening punishment, as the term is used in *Estrada.* True, *Estrada* deals with a statute which lessens the maximum sentence for a particular crime while the amendment to section 2900.5 concerns credit against a lesser sentence imposed as a condition of probation. But in the circumstances which we here consider, the distinction is without legal significance.

A similar situation was before the Supreme Court in *People* v. *Francis* (1969) 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591]. There the high court considered an amendment to the Health and Safety Code which declared that possession of marijuana, which had been a felony, was an alternative felony-misdemeanor at the discretion of the trial court. Rejecting an argument of the Attorney General that the amendment should be construed as prospective in operation because there had always been a trial court power to impose a county jail sentence as a condition of felony probation, the Supreme Court applied *Estrada* to hold that the amended statute was applicable to cases not final on its effective date. (*Id.,* at pp. 76-77.) It accordingly reversed a judgment sentencing the defendant to state prison. *Francis* thus extends *Estrada* to situations other than statutory amendments affecting maximum penalty. (See also *Meyer* v. *Superior Court* (1966) 247 Cal.App.2d 133 [55 Cal.Rptr. 350].)

Peculiar language of the 1976 amendment also dictates application of the *Estrada* principle to section 2900.5. Subdivision (c), as amended, unequivocally states that the "back time" credit "shall not be considered in establishing . . . any condition of probation . . . ." That language precludes a construction that the amendment should be prospective in operation to avoid impinging upon a discretion previously exercised by the trial court to avoid a state prison sentence on the theory that a full term without credit in the county jail is the appropriate penalty.

The wording of the 1976 amendment and controlling precedent thus impel the conclusion that the "back time" credit allowed by Penal Code section 2900.5, subdivision (c) on county jail sentences imposed as a condition of probation be allowed as to all judgments not final on January 1, 1977.

 The judgment is reversed with instructions to the trial court to allow credit for prejudgment time spent in county jail.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied April 21, 1977.