183 Cal.App.4th 1 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
JOSE LUIS RODRIGUEZ, Defendant and Appellant.
No. F057533.
Court of Appeals of California, Fifth District.
March 1, 2010.
As modified March 30, 2010.
Certified for Partial Publication[*]
*4 Paul Ruch Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Catherine Chatman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
ARDAIZ, P. J.
On June 13, 2007, in Stanislaus County case No. 1226035 (case No. 1226035), appellant Jose Luis Rodriguez pled no contest to second degree burglary (Pen. Code, §§ 459, 460, subd. (b)),[1] receiving stolen property (§ 496, subd. (a)) and possession of a forged item (§ 475, subd. (a)). That same day, the court imposed a prison term of three years eight months, suspended execution of sentence and placed appellant on three years' probation.
On February 20, 2009, in Stanislaus County case No. 1242767 (case No. 1242767), appellant pled no contest to receiving stolen property and admitted violating probation in case No. 1226035.
That same day, in a sentencing proceeding covering both cases, the court imposed a prison term of three years eight months, consisting of the previously suspended sentence in case No. 1226035, and a concurrent two-year term in case No. 1242767. The court also awarded appellant presentence credit as follows: in case No. 1226035, 338 days, consisting of 226 days of actual time credit and 112 days of conduct credit, and in case No. 1242767, 42 days, consisting of 28 days' actual time credit and 14 days' conduct credit.
*5 Initially, appellant filed a Wende brief, i.e., an opening brief in which he raised no issues and asked that this court independently review the record. (People v. Wende (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Thereafter, appellant requested this court strike his Wende brief; this court granted that request; and appellant filed an opening brief in which he argues (1) he is entitled to additional presentence credit under an amendment to section 4019 which, although it went into effect after he was sentenced, must be applied retroactively; (2) if it is determined the amendment operates prospectively only, the failure to calculate appellant's presentence credit under the new law violates his constitutional right to the equal protection of the laws; and (3) the abstract of judgment must be amended to reflect the correct amount of presentence credit to which appellant is entitled. We will reject appellant's first two arguments, but conclude, as appellant acknowledges, that he is entitled to 337 days of presentence credit in case No. 1226035, not 338 days as found by the court, and no credit in case No. 1242767.[2] We will modify the judgment accordingly; direct the trial court to prepare an amended abstract of judgment; and otherwise affirm.

DISCUSSION

I. Statutory Construction

(1) Under section 2900.5, a person sentenced to state prison for criminal conduct is entitled to credit against the term of imprisonment for all days spent in custody before sentencing. (§ 2900.5, subd. (a).) In addition, section 4019 provides that a criminal defendant may earn additional presentence credit against his or her sentence for willingness to perform assigned labor (§ 4019, subd. (b)) and compliance with rules and regulations (§ 4019, subd. (c)). These forms of presentence credit are called, collectively, conduct credit. (People v. Dieck (2009) 46 Cal.4th 934, 939, fn. 3 [95 Cal.Rptr.3d 408, 209 P.3d 623].)
(2) When appellant was sentenced in February of last year, under the version of section 4019 then in effect, conduct credit could be accrued at the rate of two days for every four days of actual presentence custody. (Former § 4019.) However, the Legislature amended section 4019 effective January 25, 2010, to provide that any person who is not required to register as a sex offender and is not being committed to prison for, or has not suffered a prior conviction of, a serious felony as defined in section 1192.7 or a violent felony as defined in section 667.5, subdivision (c), may accrue conduct credit at the rate of four days for every four days of presentence custody. The statute does *6 not contain a saving clause, i.e., a clause stating that the amendment shall have prospective application only.
Appellant contends the 2010 amendment to section 4019 is retroactive, i.e., it applies to persons who were sentenced before the amendment's effective date but whose cases are not final as of that date. Therefore, appellant argues, because (1) he is not required to register as a sex offender and he has not been convicted of a serious or violent felony and therefore meets the eligibility requirements for section 4019 credits; (2) he was sentenced before the effective date of the amendment; and (3) his case did not become final prior to that date, the more generous conduct-credit-accrual provisions of the current version of section 4019 apply to him and he is entitled to additional conduct credit. We disagree.
(3) As the parties agree, "The problem ... is one of trying to ascertain the legislative intentdid the Legislature intend the old or new statute to apply?" (In re Estrada (1965) 63 Cal.2d 740, 744 [48 Cal.Rptr. 172, 408 P.2d 948] (Estrada).) And here, where "the Legislature [has not] expressly stated which statute should apply," our task is to "determine the legislative intent from other factors." (Ibid.)
(4) Our starting point is section 3, which provides that "No part of [the Penal Code] is retroactive, unless expressly so declared." Our Supreme Court has "construed [section 3] to mean `[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise. [Citation.]'" (People v. Alford (2007) 42 Cal.4th 749, 753 [68 Cal.Rptr.3d 310, 171 P.3d 32].) The People argue that the section 3 presumption of prospective operation controls here, and therefore the 2010 amendment should not be applied retroactively. Appellant, on the other hand, contends the section 3 presumption is rebutted. He bases this contention chiefly on Estrada, supra, 63 Cal.2d 740.
(5) Estrada dealt with an amendment to a statute which reduced the punishment for a particular offense. The amendatory statute did not contain a saving clause. In holding that the Legislature intended the amendment to apply retroactively, our Supreme Court invoked the "rule" that "where the amendatory statute mitigates punishment and there is no saving clause, ... the amendment will operate retroactively so that the lighter punishment is imposed." (Estrada, supra, 63 Cal.2d at p. 748.) The court reasoned: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have *7 intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (Id. at p. 745.) In the same vein, the court quoted a New York case: "`A legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.'" (Ibid.)
(6) The Estrada court acknowledged the "general rule of statutory construction," embodied in section 3, "that `when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively.'" (People v. Floyd (2003) 31 Cal.4th 179, 184 [1 Cal.Rptr.3d 885, 72 P.3d 820].) But, the court stated: "That rule of construction ... is not a straitjacket. Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent." (Estrada, supra, 63 Cal.2d at p. 746.) The court found, based on the rule discussed above, the section 3 presumption was rebutted. (Estrada, at pp. 747-748.)
As indicated above and as the parties agree, the 2010 amendment to section 4019 contains no saving clause. Appellant argues that by providing some felons with an opportunity to accrue credits at a greater rate than that applicable to other felons, the amendment lessens punishment and therefore, under Estrada, reflects the legislative intent that it operate retroactively. Estrada, however, is distinguishable.
As indicated above, the rule stated in Estrada upon which appellant reliesthat in the absence of a saving clause a legislative enactment that reduces punishment will operate retroactively so that the lighter punishment is imposedis based on two premises: (1) Such an enactment "obviously" indicates a legislative determination that the former penalty was too severe and a lighter punishment is proper; and (2) the "inevitable inference" from such a determination is that "the new lighter penalty now deemed sufficient should apply to every case to which it constitutionally could apply." (Estrada, supra, 63 Cal.2d at p. 745, italics added.) However, although the 2010 amendment to section 4019 can be said, in some sense, to lessen punishment for a certain class of felons, as we explain below it is not obvious that the Legislature has determined the punishment for those felons who qualify for the more generous rate of conduct credit accrual was too severe, nor is it an inevitable inference that the Legislature intended its punishment-mitigating provisions to apply to those sentenced to prison before the amendment's effective date as well as those sentenced after that date.
*8 These conclusions flow, in large part, from the fact that the amendment in question, to the extent it reduces punishment for some felons, does so by allowing such persons to accrue conduct credits at a greater rate than other felons, and not, as in Estrada, by reducing the penalty for a specific offense.
In In re Stinnette (1979) 94 Cal.App.3d 800 [155 Cal.Rptr. 912] (Stinnette), the court rejected an equal protection challenge to the prospective-only operation of provisions of the Determinate Sentencing Act (§ 1170 et seq.), which allowed persons sentenced to state prison to receive credit for good behavior or participation in certain programs. The court stated, in the portion of the opinion relevant to our legislative intent analysis, that the purpose of the credit provisions at issue was "the desirable and legitimate [one] of motivating good conduct among prisoners so as to maintain discipline and minimize threats to prison security." (94 Cal.App.3d at p. 806.) And, the court noted further, "Reason dictates that it is impossible to influence behavior after it has occurred." (Ibid.)
(7) Section 4019 is the presentence analog to the statute at issue in Stinnette, and the amendment of section 4019 indicates an analogous legislative intent: to increase the incentive for good conduct during presentence confinement. (See People v. Brown (2004) 33 Cal.4th 382, 405 [15 Cal.Rptr.3d 624, 93 P.3d 244] ["`The presentence credit scheme, section 4019, focuses primarily on encouraging minimal cooperation and good behavior by persons temporarily detained in local custody before they are convicted, sentenced, and committed ....'"].) And because "it is impossible to influence behavior after it has occurred" (Stinnette, supra, 94 Cal.App.3d at p. 806), the amendment cannot act as incentive as to those persons who, like appellant, have completed their presentence confinement prior to the effective date of the amendment. Therefore, the instant case differs from Estrada in that here it cannot be said that the punishment-reducing effect of the 2010 amendment to section 4019 leads, "inevitabl[y]" (Estrada, supra, 63 Cal.2d at p. 745) or otherwise, to the inference that the Legislature must have intended the 2010 amendment operate retroactively.
Also significant is that Senate Bill No. 18 (Senate Bill 18), the enactment of which amended section 4019 to increase the conduct credit accrual rate, was introduced and enacted to "address[] the fiscal emergency declared by the Governor ...." (Sen. Bill 18 (2009-2010 3d Ex. Sess.) § 62.) As the Legislature determined, providing some felons with increased incentive to earn conduct credit can help alleviate the declared fiscal emergency by shortening prison sentences for some, which will, in turn, reduce prison populations. And we recognize that the more inmates who can benefit from the amendment to section 4019, the greater the savings to the state, and that, therefore, applying the amendment retroactively would be consistent with the *9 legislative intent to conserve the state's financial resources. However, although under the amendment to section 4019 a subset of felons will serve less time in prison, it is does not necessarily follow that the Legislature determined the punishment to which these persons were subject under the former version of section 4019 was "too severe ...." (Estrada, supra, 63 Cal.2d at p. 745.) Rather, because the express purpose of Senate Bill 18 was to address the state's fiscal emergency, it is also plausible the Legislature determined the following: The persons whose sentences will be reduced under the section 4019 amendment are just as culpable and deserving of punishment as they were before the amendment; after all, there has been no legislative determination that the offenses for which those persons were sentenced should be punished less severely. However, for fiscal reasons, prison populations must be reduced, and accomplishing this reduction by the early release of felons who have indicated they are less dangerous than others, by refraining from serious, violent and/or sex offenses, strikes the proper balance between the state's fiscal concerns and its public safety concerns.
Thus, the reasoning underlying the Estrada rulethat absent a saving clause an amendatory statute which lessens punishment for a particular offense will be applied retroactivelydoes not apply where the amendatory statute increases the rate at which a criminal defendant can earn conduct credit. As demonstrated above, unlike the situation before the court in Estrada, given the incentive inherent in a statute which establishes or increases the rate at which conduct credits can be accrued, considered in conjunction with the declared purpose of the amendment, it cannot be said that the punishment-reducing amendment at issue here "obviously" evinces a legislative determination that sentences for some felons are too severe, or that the Legislature intended a reduction in sentence for some felons should be extended to all to whom it lawfully can be extended. (Contra, People v. Doganiere (1978) 86 Cal.App.3d 237, 240 [150 Cal.Rptr. 61] [Estrada applied to amendatory statutes providing conduct credit because "it must be presumed that the Legislature thought the prior system of not allowing credit for good behavior was too severe."].)
Appellant argues that for purposes of legislative intent analysis, there is no distinction between a statute which reduces punishment for a particular offense and one like section 4019 which contains more generous credit accrual provisions; both types of statutes, he argues, by reducing the time a convicted person will be imprisoned, reduce punishment, and therefore the Estrada rule is applicable to both. He bases this contention on People v. Hunter (1977) 68 Cal.App.3d 389 [137 Cal.Rptr. 299] (Hunter).
In 1976 the Legislature amended section 2900.5 to include time spent in custody as a condition of probation within the category of actual time in *10 custody to be credited on a subsequent prison sentence. (Hunter, supra, 68 Cal.App.3d at p. 392.) However, the 1976 amendment was silent as to its prospective or retroactive application. In Hunter, the court held, based on Estrada, that the 1976 amendment was retroactive as to all prisoners whose judgments were not final on January 1, 1977, the effective date of the amendment. (Id. at p. 393.) The court stated: "The 1976 amendment to ... section 2900.5 must be construed as one lessening punishment, as the term is used in Estrada. True, Estrada deals with a statute which lessens the maximum sentence for a particular crime while the amendment to section 2900.5 concerns credit against a lesser sentence imposed as a condition of probation. But in the circumstances which we here consider, the distinction is without legal significance." (Ibid.)
Hunter is distinguishable because it deals with credit for actual time in custody before sentencing. The awarding of actual time credit has neither the purpose nor the effect of providing an incentive for good behavior during incarceration, as is the case with conduct credit. Rather, credit against a sentence for actual time in custody is constitutionally required. (In re Banks (1979) 88 Cal.App.3d 864, 867 [152 Cal.Rptr. Ill] [denial of presentence actual time credit to indigents constitutes invidious discrimination in violation of state and federal constitutional equal protection guarantees].) Hunter correctly held that the distinction between a statute which lessens punishment by reducing the penalty for a particular offense and a statute which does so by increasing actual time credits is without legal significance. But as demonstrated above, a conduct credit statute, because of its incentive effect, is legally distinguishable from statutes which reduce punishment in other ways.
In his petition for rehearing, appellant asserts there are certain "pertinent factors," not previously discussed, which establish that the Legislature intended the 2010 amendment to section 4019 to operate retroactively.
First, while acknowledging that the Legislature did not include a saving clause in the amendment to section 4019 expressly indicating the intent that the amendment apply prospectively only, appellant argues that the Legislature was aware it could have done so, and that from the Legislature's failure to expressly declare that the amendment operate prospectively only, we should infer that the Legislature intended the amendment to apply retroactively. This argument suggests that whenever the Legislature fails to include an express indication of prospective-only application, it intends retroactive application. Thus, appellant argues, in effect, that there is a presumption in favor of retroactive application. This proposition, of course, is directly contrary to section 3. As indicated above, there must be a "`clear and compelling *11 implication'" that the Legislature intended the amendment to apply retroactively. (People v. Alford, supra, 42 Cal.4th at p. 753.) That the Legislature failed to expressly indicate its intent that the statute not apply retroactively does not meet this test.
Moreover, we note that one of the examples appellant cites in support of his point that the Legislature was aware it could make the amendments to section 4019 operate prospectively, but not retroactively, supports the inference that the court did not intend the amendment to apply retroactively. In section 41 of Senate Bill 18, the Legislature amended section 2933.3 to allow for increased credit for certain inmates who have completed training as inmate firefighters. (Stats. 2009-2010, 3d Ex. Sess., ch. 28, § 41.) Subdivision (d) of section 2933.3 (section 2933.3(d)), as amended, provides: "The credits authorized in subdivisions (b) and (c) shall only apply to inmates who are eligible after July 1, 2009." Appellant characterizes this subsection as a "saving clause [that] limits the extent of [section 2933.3(d)'s] retroactive application." (Italics omitted.) However, it is also an express provision that particular credit-increasing provisions of Senate Bill 18 are to apply retroactively.
Thus, the Legislature demonstrated in section 2933.3(d) its awareness that it could provide expressly for retroactive application of a statute affecting presentence credit. That the Legislature failed to provide a similar express provision of retroactivity elsewhere in the same legislative enactment supports the inference that the omission was deliberate, thereby indicating the intent that the amendment to section 4019 not apply retroactively.
Next, appellant calls our attention to section 59 of Senate Bill 18 (section 59), which provides as follows: "The Department of Corrections and Rehabilitation shall implement the changes made by this act regarding time credits in a reasonable time. However, in light of limited case management resources, it is expected that there will be some delays in determining the amount of additional time credits to be granted against inmate sentences resulting from changes in law pursuant to this act. An inmate shall have no cause of action or claim for damages because of any additional time spent in custody due to reasonable delays in implementing the changes in the credit provisions of this act. However, to the extent that excess days in state prison due to delays in implementing this act are identified, they shall be considered as time spent on parole, if any parole period is applicable." (Stats. 2009, 3d Ex. Sess., ch. 28, § 59.)
Appellant argues that the Legislature would not have been concerned with "delays in determining the amount of additional time credits to be granted against inmate sentences resulting from changes in law pursuant to this act" *12 or lawsuits based on delays, and would not have directed the Department of Corrections and Rehabilitation to "implement the changes made to this act," unless it intended the amendment to section 4019 to apply retroactively.
We agree that section 59 evinces recognition that some changes in the act regarding time credit are to be applied retroactively. However, section 4019 is not the only statute affecting presentence credit amended by Senate Bill 18. As indicated above, section 2933.3(d) expressly provides that particular credit-increasing provisions of Senate Bill 18 are to apply retroactively. Section 59 applies to changes in credit under these provisions.
Section 59 is not specific as to which changes in credit implemented by Senate Bill 18 is to apply. Appellant argues that as a result of the Legislature's failure to specify the changes to which section 59 applies, "there is no suggestion that section 59 was intended to apply to one or more of SB 18's changes regarding credits, but not others." But neither is there any suggestion that section 59 was meant to apply to any changes other than ones which the Legislature, as in section 2933.3(d), expressly provided are to be applied retroactively. Section 59 is, at best, ambiguous on this point. And such ambiguity does not constitute an "express[]" declaration of retroactivity within the meaning of section 3.
Appellant also challenges the portion of our opinion in which we distinguish Estrada. Estrada, he suggests, stands for the broad proposition that a statute that has the effect of reducing punishment and does not contain an express declaration of prospective-only application is to be given retroactive effect. Increasing conduct credit, he argues, decreases punishment, just as the statute at issue in Estrada, which reduced the penalty for a specific offense, decreased punishment. Any purported distinction between these two forms of reduction of punishment, he argues, is "artificial" and "improper."
The point that increasing credit reduces time in prison is, of course, indisputable. Where we disagree with appellant is that, in our view, because of factors present here but not in Estrada, the fact that the amendment to section 4019 will reduce prison time for qualifying felons does not lead inevitably to the conclusion, as it did in Estrada, that the Legislature intended the amendment to apply retroactively.
As demonstrated above, the single "obvious" conclusion to be drawn from the enactment of the punishment-reducing statute at issue in Estrada was that the Legislature had determined that "its former penalty was too severe and that a lighter punishment is proper for the commission of the prohibited act." (Estrada, supra, 63 Cal.2d at p. 745.) From this conclusion it followed that the Legislature intended retroactive application. But to reiterate our earlier *13 points: Where, as here, the amendatory statute affects conduct credit and was enacted for the express purpose of addressing the state's fiscal crisis, factors not present in Estrada, the picture presented of the Legislature's intent is murky at best. Because of these factors, and because in another section of Senate Bill 18 the Legislature expressly declared the operation of a credit-increasing provision (§ 2933.3(d)) to be retroactive but did not do so with respect to the amendment to section 4019, it is far from obvious, unlike in Estrada, that the Legislature intended the amendment to section 4019 to apply retroactively. Indeed, because the purpose of conduct credit is to influence behavior and that incentive obviously cannot affect behavior that has already occurred, the inference is strong that the Legislature did not intend the amendment to operate retroactively.
(8) Our task is to determine whether the section 3 presumption of nonretroactivity has been rebutted. Under the circumstances here, there is no "`clear and compelling implication'" (People v. Alford, supra, 42 Cal.4th at p. 753) of retroactivity. Therefore, applying section 3, we conclude the Legislature did not intend the amendment to apply retroactively.

II. Equal Protection

Appellant argues that a prospective-only application of the amendment violates his constitutional guarantee of equal protection of the laws because, he asserts, there is no rational basis for applying the conduct-accrual provision of section 4019 to eligible defendants sentenced after the statute's effective date but not to otherwise eligible defendants sentenced before that date whose judgments are not final. We disagree.
(9) Both the federal and state Constitutions guarantee the equal protection of laws to all persons. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7.) "`The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" (In re Gary W. (1971) 5 Cal.3d 296, 303 [96 Cal.Rptr. 1, 486 P.2d 1201].) Where, as here, the statutory distinction at issue neither "touch[es] upon fundamental interests" nor is based on gender, there is no equal protection violation "if the challenged classification bears a rational relationship to a legitimate state purpose. [Citations.]" (People v. Hofsheier (2006) 37 Cal.4th 1185, 1200 [39 Cal.Rptr.3d 821, 129 P.3d 29].) Under the rational relationship test, "`"`a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are "plausible reasons" for [the classification], "our inquiry is an at an end."'"'" (Id. at pp. 1200-1201, italics omitted.)
*14 As indicated above, in Stinnette, supra, 94 Cal.App.3d 800 the court rejected an equal protection challenge to the prospective-only operation of provisions of the Determinate Sentencing Act (§ 1170 et seq.), which allowed persons to earn credit while incarcerated in state prison analogous to section 4019 conduct credit for presentence inmates. The court held that because the statute had "the desirable and legitimate purpose of motivating good conduct among prisoners so as to maintain discipline and minimize threats to prison security," and "[r]eason dictates that it is impossible to influence behavior after it has occurred," the prospective-only operation of the statute was reasonably related to a legitimate public purpose, and therefore did not violate equal protection. (94 Cal.App.3d at p. 806.) The same is true here, because the section 4019 amendment is also aimed, at least in part, at providing an incentive for good conduct by inmates.
Appellant argues there is no rational basis for challenged classification because, "while incentivizing good conduct is a result of the amendment to section 4019, it is not the purpose of the amendment; the express purpose of the bill is to respond to a fiscal emergency." But it is of no moment that incentivizing conduct is not the express purpose of the statute. As indicated above, classification withstands equal protection challenge "`"`if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'"'" (People v. Hofsheier, supra, 37 Cal.4th at pp. 1200-1201, italics omitted.) Here, it is much more than merely reasonably conceivable that the Legislature enacted the 2010 amendment with the additional purpose of increasing the incentive for good conduct.
Appellant also argues, as best we can determine, that there is no rational basis for a prospectively-only application of the 2010 amendment because although the statute cannot affect the behavior of those who are sentenced before its effective date, it also cannot affect the behavior of one subset of those sentenced on or after that date, viz., those sentenced on the effective date of the amendment.
First, we doubt the factual premise of this claim. Appellant cites no authority for the proposition that it is impossible that a criminal defendant, on the very date the amendment becomes effective, at some point prior to the imposition of sentence, violates a "reasonable rule[] [or] regulation[] established by the sheriff[] [or] chief of police" that would subject the defendant to a reduction in commit credit. (§ 4019, subd. (c).) In any event, the Legislature could rationally decide to increase incentives for good conduct of persons in presentence custody and that such incentive apply going forward, regardless of whether the incentives are stronger for some inmates than for others. The prospective-only application of the 2010 amendment to section 4019 does not violate appellant's equal protection rights.

*15 III. Calculation of Presentence Credit[*]

DISPOSITION
The judgment is modified to provide as follows: Appellant is awarded presentence credit, in case No. 1226035, of 225 days actual time and 112 days conduct credit, for a total of 337 days. He is awarded no presentence credit in case No. 1242767.
The trial court is directed to prepare and file an amended abstract of judgment indicating the modification. As modified, the judgment is affirmed.
Levy, J., and Kane, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.
[1] All statutory references are to the Penal Code.
[2] We address the issue of the calculation of presentence credit in the unpublished portion of this opinion.
[*] See footnote, ante, page 1.